The matter was referred to E. A. Dancy, to take and state the account of the defendant, as former guardian. A report was made and exceptions filed. The case comes to this Court upon the exceptions to the report. The referee allowed the defendant credit for the sum of $1,177.88, upon the following state of facts: Defendant had in his possession $1000 in cash which he held as guardian. He deposited the said sum of $1000 in an iron safe, which was locked and the key kept in a drawer which was locked and the key of the drawer was kept by his wife. Defendant had other large sums of money in the safe, viz: $1700 belonging to him as administrator, his own money, and five or six hundred dollars in specie belonging to his wife. State and railroad bonds, belonging to him as administrator, were also in the safe. On the 15th of April, defendant and his wife left home, and were absent some few hours, leaving the house in the care of a servant — Nelson Clark. On the next day, this servant drove defendant's wife to a point in the neighborhood a few miles distant, where they were to spend the night, and on the succeeding day were to go Tarboro. Unexpectedly, defendant's wife returned home on that day, and without the servant. The servant was reported *Page 297 
as missing. Defendant said to his wife, "Nelson Clark is a scoundrel, and I believe he has done something wrong; give me the safe key and let us examine it." His wife laughed at the idea, and remarked that "the safe key was in her drawer, and he could not get it."
The safe was not examined until the 27th day of April, when the defendant, in looking for some papers, discovered that the money belonging to his ward, and to himself as administrator, was gone. The bonds and specie were not taken. Defendant remonstrated with his wife, and told her he had suspected the servant Clark, and if she had given him the keys, the robbery would have been discovered sooner, and the money secured; that he was confident Clark had taken it. Upon consultation with other persons, defendant went in pursuit of Clark, who had been gone eleven days; he went to Richmond and Danville, advertised in the newspapers, offered a reward of $200, and a certain per centum of the money stolen. No discovery was made.
Plaintiff excepted to this item in the report: "That the defendant is allowed $1,177.88, the amount of money and interest alleged by him to have been stolen." The exception was overruled by His Honor W. A. Moore, at the Fall Term of Pitt Superior Court.
Other testimony was taken by the referee, but as the discussion before the Court was confined to the deposition of the defendant, in which the above facts are stated, it is unnecessary to state more.
A guardian or other trustee is bound only to use such care and diligence in keeping the fund, as a prudent man uses in keeping his own funds. And it seems that in this case the fund was so kept up to the time when it was stolen. *Page 298 
The point mainly relied on by the plaintiff was that the defendant did not use due care and diligence in discovering the theft and pursuing the thief. But the defendant had no reason to suppose the money was stolen until he opened his safe and missed it. And then within a reasonable time, he pursued the supposed thief, but failed to find him; and, indeed, it is mere conjecture who the thief was. But suppose he had caught the supposed thief, or the real thief, sooner or later, the probability that he would have recovered the money is remote.
We agree with His Honor, that there was no negligence.
PER CURIAM. Judgment affirmed.