STATE, on the relation of the BOARD OF COMMISSIONERS OF BLADEN COUNTY *v.* DANIEL J. CLARKE and others.

The County Treasurer is the officer whose duty it is to receive payment of the county taxes from the sheriff; and it is also his duty to bring suit, on failure of the sheriff to account. If the County Treasurer fails to bring suit, the County Commissioners are required to do so.

When the County commissioners are the relators in a suit against a sheriff, the complaint should state the failure of the County Treasurer to bring the suit, as the reason of their doing so.

A Sheriff, or Tax Collector, is an insurer of the safety of all money officially received by him, against loss by any means whatever, including such losses as arise from the act of God, or the public enemy.

County Commissioners have no power to·release a Sheriff from his liability to pay the county taxes. Being a corporation, they have no powers except such as are given by statute.

(The case of *Dockery* v. *French,* 72 N. C. Rep. cited and approved; and *Atkinson* v. *Whitehead,* 66 N. C. Rep. 296; *Atlantic & N. C. Railroad Company* v. *Cowles,* 69 N. C. Rep. 59, cited, distinguished from this and approved.

This was a CIVIL ACTION to recover $2,000 State and school taxes, tried before his Honor Judge KERR, at Spring Term, 1875, of the Superior Court of BLADEN county.

The defendant, who was the sheriff of said county, had collected the sum of $2,000 as taxes, and failed to pay the same to the proper officers.

It was admitted by the plaintiff that the defendant had deposited the money in an iron safe, the property of a merchant in Elizabethtown, in the county of Bladen, for safe keeping, and that without the knowledge, consent, contrivance, negligence or default of the defendant, it had been stolen therefrom by robbers.

It was also admitted by the plaintiff, that a former Board of Commissioners had passed an order relieving the defendant from the payment of the sum of $1,900, stolen from the said safe.

Upon this statement of facts his Honor gave judgment in favor of the defendants, and thereupon the plaintiff appealed.

*T. H. Sutton,* for the appellant.
*Lyon & Lyon,* and *W. McL. McKay,* contra.

RODMAN. J.   1. This is an action on the official bond of the defendant as sheriff.  As the complaint now stands, it is on the relation of the Commissioners of the county.   We are of opinion that the act of 1872–'73, chap. 115, secs. 39 and 41, (Bat. Rev., chap. 102, secs. 39 and 41,) changes in that respect the previous act of 1868–'69, chap. 157, sec. 10, (Bat. Rev., chap. 30, sec. 9.)   The County Treasurer is the officer whose duty it is to receive payment of the county taxes from the sheriff.   (Sec. 39, Bat. Rev., chap. 102,) ; and by sec. 41, it is made his duty to bring suit on a failure of the sheriff to account. It is only in case of his failure to do so that the Commissioners are required to sue ; and if they be named as relators, the complaint should state his failure as the reason.   No error is now assigned by the defendants in this respect, as the action was brought in the name of the County Treasurer as relator, and changed by order of his Honor, upon a demurrer by the defendants assigning that as a cause.   The plaintiff should not be prejudiced by the change, and we only notice it as erroneous now, in order that it may not be regarded as a precedent as it stands, and in order that it may be corrected when the case goes back, as in consequence of our opinion on other points it must.

We also call the attention of the plaintiff to what appear to be defects of his complaint in other respects, in order that he may amend them if he thinks proper to do so.   The breaches are not clearly assigned.   It is not clearly stated that the sheriff had collected any taxes which he failed to pay over. It does not clearly appear that the action is to recover the sum collected and not paid over with interest on that, as prescribed by the statute.   The complaint says that the object of the

action is to recover the penalty of $2,500. If the non-payment of the penalty be intended to be alleged as a breach of the bond, several questions might be raised, which we do not mean to notice. In the present state of the case, we are not called on to decide any questions arising upon any supposed defects of the complaint, because they all appear to have been waived for the purpose of the decision; and we proceed to give our own opinion on the case, as it is presented in the "case," and in the judgment of the Court, assuming the complaint to be correct in form, and such as it should have been on the facts stated.

2. The first question is, whether the defendant is liable under the circumstances for the county taxes collected by him as tax collector. We are of opinion that he is. The law imposes on him the duty to collect and pay over to the county treasurer, and although provision is made for his relief in case of his inability to collect by reason of the insolvency of the tax debtors, Bat. Rev., chap. 102, sec. 36, none is made for his relief in the case the money, after it is collected, is lost by any means whatever. The bond sued on is in the form prescribed by law. Bat. Rev., chap. 106, sec. 8. It requires that the sheriff shall collect the county and poor taxes, "and shall faithfully and honestly account for and pay over the same as required by law." By the terms of the bond, the obligation to pay over is absolute. The argument for the defendants regards the sheriff as a bailee of the county money, liable for its loss only by reason of negligence. But he is properly to be regarded as a debtor to the county for the amount of each tax from the time he receives it. That is the language of the Court of Appeals of New York, *Muzzy* v. *Shattuck*, 1 Denio, 233. It must not be inferred from this, however, that the money belongs to the sheriff, to be dealt with as his own, as a bank deals with its deposits, or otherwise than he is permitted by law.

The authorities are decidedly in favor of the doctrine that a tax collector is an insurer of the safety of all money officially

received by him against loss by any means whatever, including such losses as arise from the act of God or the public enemy. In the Courts of the United States this absolute liability is put partly on the positive language of the official bond, but mainly on public policy and the evil consequences which would follow from any less rigid rule. *United States* v. *Dashiell*, 4 How. 182; *United States* v. *Prescott*, 3 How. 587; *United States* v. *Keeler*, 1 Wall. 83. The reasons apply with equal force to State officials who receive public money, and the same doctrine has accordingly been held in several of the States besides New York. *Thompson* v. *Board of Trustees*, &c., 30 Ill. 99; *Hancock* v. *Hazzard*, 12 Cush. (Mass.) 112. The case of a public officer differs in principle from that of a guardian who is held liable only for honesty and diligence. *Atkinson* v. *Whitehead*, 66 N. C. Rep., 296. A guardian has a much wider latitude in the custody and use of his ward's money than a tax collector has in the money which he collects.

So also the case of a tax collector differs from that of a treasurer of a railroad company. The duties of the latter are not prescribed by law, but entirely by the contract between the parties, and no rule of public policy intervenes to influence the construction of the contract. *Atlantic & N. C. R. R. Co.* v. *Cowles*, 69 N. C. Rep. 59.

3. We think the county commissioners had no power to release the sheriff from his liability to pay the county taxes. The commissioners are a public corporation which has no powers except such as are given by statute; and there is no statute which expressly or by reasonable implication gives it the power in question. If it were true that the board of commissioners was the proper relator in this action, it would not follow that it had power to release the debt. The rule that he who can recover a demand can also release it, does not apply to trustees and others who sue in another's right. An unlawful release by a trustee is disregarded in equity. *Dockery* v. *French*, 69 N. C. Rep.

The liability which the law imposes on a sheriff or tax col-

lector is not excessive or unreasonable so far as it requires him to pay over what he has collected. It must be assumed that he knew his responsibilities when he accepted the office, and he can always relieve himself of risk by paying over to the county treasurer. As to the penalties in the way of interest and otherwise, it does not appear from the case that they were insisted on in the Court below. If they shall be hereafter, it may be for the Legislature to say whether, considering that they were apparently intended for cases of wilful malfeasance,. they should be enforced in a case where there is admittedly no intentional or moral wrong. We do not undertake to express any opinion as to the legal liability of the bond of the sheriff to these penalties.

The judgment below is reversed.

PER CURIAM.                                   *Venire de novo*:.