CONTINENTAL TRUST COMPANY v. D. W. SPENCER, RECEIVER OF
JACKSON LUMBER COMPANY.

(Filed 18 May, 1927.)

**Banks and Banking—Bills and Notes—Negotiable Instruments—Depositors—Debtor and Creditor—Offset—Corporations—Insolvency.**

Where the directors of a corporation in their endeavor to prevent its
insolvency make a cash payment on the matured corporation note given to
the bank and give their individual note for the balance, the bank retaining the old note as collateral, upon the corporation's becoming insolvent
and in a receiver's hands, under the relationship of debtor and creditor,
the bank has a right in equity to offset the indebtedness on the note of the
corporation deposited therein, though the note given by the directors may
not have become due at the time.

APPEAL by defendant from *Finley, J.,* at March Term, 1927, of
MECKLENBURG. Affirmed.

*D. E. Henderson* for *plaintiff.*
*D. W. Spencer* for *defendant.*

CLARKSON, J. This is a submission of controversy without action,
under C. S., 626. The plaintiff is a banking corporation. The Jackson
Lumber Company is a corporation, insolvent, and D. W. Spencer is the
receiver. The Jackson Lumber Company borrowed from the plaintiff
bank on 12 June, 1926, $9,000, and made its promissory note due at 90
days, maturing 10 September, 1926. The Jackson Lumber Company, at
the maturity of the note, was unable to pay the same, and the directors of
the corporation paid $1,000 on the note, and on 10 September, 1926,
executed a 30-day note for $8,000, and as collateral security the bank
took the past due note of the Jackson Lumber Company for $9,000.

On 29 September, 1926, the Jackson Lumber Company had on deposit in plaintiff's bank $949.77, and on said date the plaintiff learned
of the insolvency of the Jackson Lumber Company, which was placed
in the hands of the receiver that day. Plaintiff, on learning of the insolvency, transferred and applied as a credit on the note of the Jackson
Lumber Company for $9,000, reduced by the directors to $8,000, the
$949.77. The defendant receiver contends that this was illegal, and this
is the sole question involved in the appeal. We cannot so hold.

As between plaintiff and the Jackson Lumber Company the relationship, under the facts and circumstances of this case, was that of debtor
and creditor, and the bank had the right to apply the deposit on the
past due note of the Jackson Lumber Company. The fact that the note

of the directors was not due did not affect the rights of plaintiff. In fact, it is held by this Court in *Hodgin v. Bank,* 124 N. C., at p. 542 : "Even if the indebtedness to the bank has not matured, if the depositor becomes insolvent, the bank by virtue of the right of equitable set-off may apply the deposits with it of such debtor to his indebtedness. *Dammon v. Bank,* 50 Mass., 194; *Flour Co. v. Bank,* 90 Ky., 225; *Trust Co. v. Bank,* 91 Tenn., 336; *Seed Co. v. Talmage,* 96 Ga., 254; Waterman on Set-off, 432." Reversed on another point in 125 N. C., p. 503.

The principle applicable here is set forth in Morse on Banks and Banking, vol. 1, 5 ed., p. 630, part sec. 337, citing numerous authorities: "The various items of deposit with and payment by the bank from a running account between the bank and the customer. *For any indebtedness accruing from the customer to itself, the bank has the right to set-off.* If the depositor becomes bankrupt, his deposit becomes security for the payment of his debt to the bank. If this debt be contingent in character, or if it be a claim for unliquidated damages, arising out of a contract, then the bank may retain possession of the deposit until such time as the probable indebtedness shall be ascertained, when the deposit may be set off against it." (Italics ours.)

In *Davis v. Mfg. Co.,* 114 N. C., at p. 328, where the matter is fully discussed, it is said: "It may be well here to note precisely who are meant by debtors and creditors of the insolvent bank, as the terms are used in this discussion of the rules of equity that should control the settlement of its affairs. By debtors to the bank are meant all those who, at the appointment of the receiver, were liable to the bank for the payment of money, whether their liability had *matured or not,* and without any regard to the exact nature of the liability, *whether as principal or surety."* (Italics ours.)

In a court of equity, seeking to do justice among all parties, it looks at the spirit and not the form of the transaction. It cannot be disputed that the Jackson Lumber Company was primarily liable to the bank. The directors, although making a note to the bank, and the bank taking the Jackson Lumber Company's past due note as collateral security, the directors did so as an accommodation for the Jackson Lumber Company. It does not appear that the directors had any purpose except to save, if possible, the Jackson Lumber Company, which from subsequent developments showed was on the verge, if not then, insolvent. Any other view, under the facts and circumstances of this case, would work an unjust hardship on faithful directors trying to save an insolvent corporation. The primary liability was the Jackson Lumber Company— the directors were in effect sureties. We think the position here taken borne out by the weight of authorities. *Moore v. Bank,* 173 N. C., p.

180; *Trust Co. v. Trust Co.,* 188 N. C., p. 766; *Graham v. Warehouse,* 189 N. C., p. 537; see *Hayden et al. v. Citizens Nat. Bank et al.,* 35 A. & E. Annotated Cases, p. 686.

Some of the decisions in other jurisdictions may be contrary to the view here taken, but a liberal and righteous adjustment between the parties should prevail. We think the majority rule is with the holding in this case and consonant with equity and justice.

For the reasons given the judgment is

Affirmed.