R. L. COBURN, RECEIVER OF MARTIN COUNTY SAVINGS AND TRUST COMPANY, v. C. D. CARSTARPHEN.

(Filed 12 October, 1927.)

**Equity — Set-Off — Banks and Banking — Mutuality of Debts — County Funds—Debtor and Creditor.**

While ordinarily the right of equitable set-off does not exist where there is a want of mutuality or the one claiming it has no right of action against the other in his own name, this principle is not applicable to county funds officially deposited in a bank since in a receiver's hands, and for which the depositor officially remains liable to the county, and he may offset his personal liability to the bank with the amount he may receive as a depositor of the county funds.

APPEAL by defendant from *Nunn, J.,* at June Term, 1927, of MARTIN. Affirmed in part and remanded.

From judgment on facts agreed defendant appealed to the Supreme Court.

*B. A. Critcher and A. R. Dunning for plaintiff.*
*Wheeler Martin for defendant.*

CONNOR, J. This action was heard upon a statement of facts agreed. They are as follows:

1. Plaintiff is the receiver of Martin County Savings and Trust Company, an insolvent corporation, which prior to his appointment as such receiver was engaged in the banking business at Williamston, Martin County, N. C. He has brought this action to recover of defendant the amount of his indebtedness to said corporation, as evidenced by two promissory notes.

2. Defendant, prior to its insolvency, executed and delivered to said corporation his two promissory notes, one in the sum of $300, and the other in the sum of $2,100. Both said notes came into the hands of the receiver as assets of said corporation. No payment has been made by defendant on said notes, or either of them, and both are now due.

3. On the date of its insolvency defendant had on deposit with said corporation, subject to his personal check, the sum of $50.23. The said sum is now due to defendant by said corporation.

4. Defendant is now, and was prior to the insolvency of said corporation, the treasurer of Martin County. As such treasurer he has executed and filed with said county a bond conditioned as required by statute. He is personally liable to the county for all moneys which have come into his hands belonging to said county, and which have not been lawfully paid out by him.

On the date of its adjudication as insolvent, defendant had on deposit with said corporation as treasurer the sum of $2,801.91. This deposit was made with moneys received by defendant as treasurer, belonging to Martin County. Defendant is personally liable to the county for said moneys. He is solvent. This sum is now due to defendant as treasurer by said corporation.

Upon the foregoing facts the court was of opinion that defendant was entitled to have the deposit in the sum of $50.23 applied as a credit upon his indebtedness to the corporation, as evidenced by his notes, but that he was not entitled to offset said indebtedness by the deposit in the sum of $2,801.91 standing on the books of the corporation to his credit as treasurer. From judgment in accordance with this opinion, defendant appealed to this Court. His only assignment of error is based upon his exception to the judgment.

It is conceded that there is no error in the judgment, applying the deposit in the sum of $50.23, as a payment on defendant's indebtedness to the bank. The judgment in that respect is in accord with well settled principles and is sustained by authoritative decisions of this Court. *Trust Co. v. Spencer,* 193 N. C., 745; *Graham v. Warehouse,* 189 N. C., 533; *Trust Co. v. Trust Co.,* 188 N. C., 766; *Moore v. Trust Co.,* 178 N. C., 128; *Moore v. Bank,* 173 N. C., 180; *Hodgin v. Bank,* 124 N. C., 540. Where a depositor is indebted to a bank and the debt is due, the bank has the right to apply the deposit as a payment, *pro tanto,* on the indebtedness. This right of set-off or counterclaim is mutual, and where the bank has become insolvent, and is in the hands of a receiver, the depositor is entitled to have his deposit applied as a payment on his indebtedness to the bank.

In *Dameron v. Carpenter,* 190 N. C., 595, *Varser, J.,* whose service as a member of this Court, although brief, was of great value both to his associates and to the people of this State, writing for the Court, says, with full citations supporting his statement of the law: "A set-off is in the nature of a payment or credit when the debts are mutual. Set-off exists in mutual debts, independent of the statute of set-off. Its flexible character is used in equity to prevent injustice." See *Williams v. Coleman,* 190 N. C., 368.

Defendant contends that there is error in the judgment with respect to the deposit in the sum of $2,801.91, standing on the books of the bank, at the date of its insolvency, to his credit as treasurer. The court was of opinion that defendant was not entitled to have his personal indebtedness to the bank deducted from the amount due by the bank to him as treasurer. The judgment was in accordance with this opinion. In this respect defendant contends that the judgment is erroneous.

24—194

COBURN *v.* CARSTARPHEN.

As a general rule a bank may apply the amount due by the bank to its depositor as a payment on a debt of the depositor to the bank, at any time after the debt becomes due; this rule, however, applies only when the amount due as a deposit belongs to the depositor. It does not apply where the bank has knowledge that the money deposited belongs, not to the depositor, but to another, and was deposited in trust for the owner. 7 C. J., 653 and 658. The right of set-off arises and can be enforced only where there are mutual debts between the parties. The party invoking the right cannot maintain it, unless he could also maintain an action against the other party to recover the amount which he seeks to have allowed as a set-off or counterclaim. Thus in *Battle v. Thompson,* 65 N. C., 407, it was held that where defendant was indebted to the State of North Carolina, he could not in an action brought by the State Treasurer to recover upon such indebtedness, offer as a set-off or counterclaim the indebtedness of the State to him arising out of coupons of the State, which the State legally owed, for the reason that he could not maintain an action against the State.

The rule is not strictly applied, however, when either the bank or the depositor has become insolvent. Thus in *Davis v. Mfg. Co.,* 114 N. C., 321, it was held that an endorser on a note held by an insolvent bank against an insolvent principal, upon which the receiver had brought suit is entitled to avail himself of his claim against the bank, upon a certificate of deposit issued by the bank, and held by him at the date of the bank's insolvency. In *Trust Co. v. Spencer,* 193 N. C., 745, it was held by this Court that a bank, notwithstanding that it had taken a note signed by the directors of a corporation which had become insolvent, in payment of the corporation's note to it, retaining, however, the corporation's note as collateral security for the note of the directors, had a right to apply a deposit to the credit of the insolvent corporation as a payment on the indebtedness for which the bank held the directors' note.

In the instant case, although the deposit in the sum of $2,801.91 was made by defendant with moneys belonging to Martin County, and stands on the books of the bank in his name as treasurer, he is personally liable to the county for the moneys received by him as treasurer. He is solvent, and must account to the county for the amount of the deposit. As between the bank and the defendant, the bank is liable primarily to the defendant, and not to the county. His contention that upon the facts agreed he is entitled to have the amount of his indebtedness to the bank deducted from the amount due him by the bank must be sustained, not only upon principles of justice and equity, but also upon well supported authority.

In *Funk v. Young, Trustee* (Ark.), 210 S. W., 5 A. L. R., 79, it was held that the maker of a note to a bank, which thereafter became insolvent, may offset his indebtedness to the bank upon said note by a deposit in his name as trustee, where he was personally liable to his *cestui que trust* for the amount of the deposit. The facts in that case are almost identical with those in the instant case. The decision is well supported by authorities. In the opinion of the Court it is said: "The trend of all modern decisions is toward liberality in the allowance of set-offs in the case of insolvency of the party against whom the set-off is claimed to the end that only the true balance may be required to be paid by the representative of the estate of the insolvent." Many cases are cited in the note sustaining the decision. The just and equitable principles upon which the right of offset or counterclaim is enforced should be liberally applied to the end that a debtor to an insolvent corporation should not be required to pay his debt to the corporation, and also to pay the indebtedness of the corporation for which he is personally liable. The mutual liability should be so adjusted that the true balance may be ascertained and judgment rendered accordingly.

That the want of mutuality is not always permitted to defeat the right of set-off, see *People v. California Safe and Deposit Co.,* 141 Pac., 1181.

There is error in the judgment with respect to the deposit in the sum of $2,801.91. Defendant, because of his personal liability to the county for the amount of this deposit, is entitled to have his indebtedness to the bank, on his personal notes, deducted from the amount of the deposit. This will result in a judgment in favor of the defendant and against the receiver for the difference. The action is remanded in order that judgment may be entered in the Superior Court of Martin County in accordance with this opinion.

Affirmed in part and remanded.