NEW YORK INDEMNITY COMPANY v. CORPORATION COMMISSION OF NORTH CAROLINA, LIQUIDATING AGENT OF BANK OF BELHAVEN.

(Filed 23 October, 1929.)

**1. Principal and Surety B c—Surety's subrogated right against insolvent bank not subject to off-set by personal debt of sheriff.**

Where a bank has received from the sheriff of the county funds of the county for deposit, and thereafter the bank becomes insolvent, and a judgment has been obtained against the surety on the sheriff's bond for the sum deposited, which has been paid, the effect of the judgment is to subrogate the surety to the rights of the county to a pro rated share in the distribution of the assets of the bank, and the sheriff being insolvent, a personal debt of the sheriff to the bank cannot be used as an off-set to the right of the surety thereto. *Coburn v. Carstarphen,* 194 N. C., 368, cited and distinguished.

**2. Sheriffs D a—Sheriff is insurer of public funds collected by him.**

The liability of a sheriff for moneys he has collected for the county is that of insurer, the moneys so collected being regarded as held by the sheriff in trust for the county, and his liability for such funds can be discharged only by payment to the county under the provisions of the statute.

APPEAL by defendant from *Nunn, J.,* at Chambers, Raleigh, N. C., 13 September, 1929, of WAKE. Affirmed.

Submission of controversy without action. C. S., 626.

INDEMNITY COMPANY *v.* CORPORATION COMMISSION.

*The facts:* T. C. Swindell was sheriff of Hyde County. He deposited in the Bank of Belhaven $1,522.12 in the name of T. C. Swindell, sheriff. The funds so deposited came into his hands as sheriff and as county funds which he must account for and which he was obliged to pay over to the county of Hyde. He also carried a personal account in the name of T. C. Swindell. He borrowed money personally from the Bank of Belhaven and also personally endorsed some notes. The Bank of Belhaven closed its doors on 16 March, 1927, and the Corporation Commission undertook its liquidation. At the time of its closing, there was on deposit in said bank the aforesaid $1,522.12 of county funds of the county of Hyde and deposited in the name of T. C. Swindell, sheriff. There was also a deposit of $9.99 in the name of T. C. Swindell. At that time T. C. Swindell was personally indebted to said bank in the amount of $800 represented by note signed by him and was personally indebted to said bank as an endorser on two other notes in the amount of $500 and $370.75, respectively. The plaintiff in this action was surety on the official bond of T. C. Swindell, sheriff. In a suit by the proper officials of the county against the plaintiff and T. C. Swindell, sheriff, judgment was entered discharging, for a consideration paid by plaintiff, the obligation of said sheriff and of the plaintiff, his surety, to the said county and specifically subrogating the plaintiff to the rights of the said county in and to the deposit in the Bank of Belhaven carried in the name of T. C. Swindell, sheriff. Upon demand by the plaintiff that depositors' dividends be paid to it as the holder of the rights of the county of Hyde in said deposit, the Corporation Commission, liquidating agent, refused to make any such payment, but claimed a set-off because of the personal indebtedness to the bank of T. C. Swindell. T. C. Swindell is insolvent. Upon suit being brought, judgment was entered in favor of the plaintiff, declaring the plaintiff entitled to regular depositors' dividends on the deposit of $1,522.12 in the name of T. C. Swindell, sheriff, and from the judgment the defendant appealed.

*Smith & Joyner for plaintiff.*
*I. M. Bailey for defendant.*

CLARKSON, J. T. C. Swindell, sheriff of Hyde County, had on deposit in the Bank of Belhaven $1,522.12 in the name of T. C. Swindell, sheriff. The funds so deposited came into his hands as sheriff and as county funds which he must account for and which he was obligated to pay over to the county of Hyde. C. S., 4270, in part is as follows: "If any clerk of the Superior Court or *any sheriff*, treasurer, register of deeds or other public officer of any county or town of the State shall embezzle or wrongfully convert to his own use, or corruptly use, or shall

misapply for any purpose other than that for which the same are held, or shall fail to pay over and deliver to the proper persons entitled to receive the same when lawfully required so to do, any moneys, funds, securities or other property which such officer shall have received by virtue or color of his office in trust for any person or corporation, such officer shall be guilty of a felony."

The Bank of Belhaven became insolvent and its affairs are being liquidated by defendant, Corporation Commission. At the time of closing its doors, T. C. Swindell, sheriff, as before mentioned, had on deposit $1,522.12. T. C. Swindell in his own name had on deposit $9.99. At the time T. C. Swindell was indebted to the bank in the sum of $800 on a note signed by him and as an endorser on two other notes, one for $500, and the other for $370.75, making a total of $1,670.75.

In an action brought by proper officials, judgment was entered against the plaintiff as surety on T. C. Swindell's bond as sheriff on payment of a certain sum and by the judgment plaintiff was subrogated to all the rights of the county in and to the deposit in the Bank of Belhaven of $1,522.12, in the name of T. C. Swindell, sheriff, and which the sheriff was obliged to pay to the county.

It is contended by defendant, Corporation Commission of North Carolina, liquidating agent of the Bank of Belhaven, that it has the right to set-off the $1,522.12 in the name of T. C. Swindell, sheriff, and which the sheriff was obligated to pay to the county, against the personal indebtedness of the sheriff of $1,670.75 due by him to the bank by note and as endorser. We cannot so hold.

The sheriff, if he embezzled it or wrongfully converted it to his own use or corruptly used it or misapplied it for any purpose or failed to pay over and deliver it to the proper party, was guilty of a felony. In the present action the sheriff was obligated to pay it over to the county. This was a trust fund of the most inviolate kind—the fund of a public official.

In *Marshall v. Kemp,* 190 N. C., at p. 493, it is said: "The liability of a public officer differs from that of a trustee or a bailee. The general rule is that an officer who enters into an obligation to account for money received by virtue of his office insures the safety of all funds received by him in his official capacity—insures, as *Justice Rodman* said, against loss by any means whatever, including such losses as arise from the act of God or the public enemy. *Commissioners v. Clarke,* 73 N. C., 255. In *Havens v. Lathene,* 75 N. C., 505, *Chief Justice Pearson* expressed the same opinion by saying that such officer is accountable as a debtor who can relieve himself only by payment. His liability is founded on public policy and the evil consequences which would follow from a less rigid rule as well as on the language of his official bond."

In *Commissioners v. Clarke, supra,* at p. 257, it is said: "It must not be inferred from this, however, that the money belongs to the sheriff, to be dealt with as his own, as a bank deals with its deposits, or otherwise than he is permitted by law."

This rigid rule that public officers are insurers does not ordinarily apply to trustees and bailees, unless made so by special contract. *Sams v. Cochran,* 188 N. C., 731; *Marshall v. Kemp, supra.*

The principle as to set-offs is thus stated in 7 C. J., part sec. 357, pp. 658-9: "In order to warrant a set-off it is of course necessary that the money deposited shall belong to the depositor, and hence the rule does not apply where the bank has knowledge that the moneys are held by the depositor in trust, in his capacity as a public official, or as agent, factor or broker." See *Wilbur v. Mortgage Loan Co.,* 149 S. E., 262 (S. C.).

"A bank having notice that a deposit is held by one for the use of another, or as security for another, has only such right of set-off as is not inconsistent with the rights of the latter. *United States v. Butterworth-Judson Corp.,* 267 U. S., 387, 45 Sup. Ct. Rep., 338"; 50 A. L. R., 633. See *Davis v. Industrial Mfg. Co.,* 114 N. C., 321; *Moore v. Bank,* 173 N. C., 180; *Trust Co. v. Spencer,* 193 N. C., 745.

We think that *Coburn v. Carstarphen,* 194 N. C., 368, 55 A. L. R., 819, is distinguishable from the present action. In the *Coburn* case it affirmatively appears that the treasurer, Carstarphen, was solvent; that as treasurer he was the insurer of the deposit. It was held in *Commissioners v. Clarke,* 73 N. C., 255, that the sheriff was liable although the money had been placed in an iron safe and stolen therefrom. The county was not protesting against the set-off, nor did it claim the deposit. Carstarphen, with the consent of the county, had a right to make the set-off. There was no misapplication unless done with a fraudulent intent. The county looked to the solvent treasurer for payment. The true situation, therefore, was that the loss was surely to fall upon the solvent treasurer and the solvent treasurer, by reason of his proposed payment of the deposit to the county, was the substantial and equitable owner of the deposit and of the right thereunder against the bank.

In the present action the sheriff is insolvent. The county looked to this deposit, which was in the name of T. C. Swindell, sheriff, in his official capacity. It did not belong to him personally, but the county was the *cestui que trust* and the beneficial owner. The sheriff being insolvent, action was brought by the county against him and plaintiff corporation. The action was on the sheriff's bond for a settlement. The county in the adjustment with the plaintiff bondsman of what the insolvent sheriff owed the county, this deposit in the sheriff's name belonging to the county, was taken in consideration. The rights of the county as beneficial owner, in the settlement with plaintiff, was by the judgment

practically assigned to plaintiff or plaintiff was subrogated to the rights of the county, the beneficial owner. The bank has no claim against the county, and never did have; its claim was against T. C. Swindell personally. The plaintiff is the equitable owner acquiring its rights from the county in this official's deposit, hence there can be no set-off by the defendant, liquidating agent. Equitable principles depend on the facts of the particular case.

The judgment of the court below is
Affirmed.