IN THE MATTER OF THE TAXES OF BOB DANCE CHEVROLET, 1978 SOUTH NEW HOPE ROAD, GASTONIA, NORTH CAROLINA

No. 8327SC390

(Filed 3 April 1984)

Setoffs § 1; Taxation § 33— priority of bank's right of setoff over tax liens by city and county
     Under G.S. 105-368(b), a bank had ten days after service of attachment notices from the city and county on one of its accounts to respond and assert its claim of setoff, and once the bank complied with the statute, its right became superior to the claims of the tax collectors.

APPEAL by Gaston County and Branch Banking and Trust Company from *Saunders, Judge.* Judgment entered 15 November 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 6 March 1984.

On 3 September 1981, Bob Dance Chevrolet executed a promissory note and security agreement to Branch Banking and Trust

Company (BB&T) in the amount of $138,747.21. Dance Chevrolet closed its doors and ceased doing business on 19 March 1982.

On 22 March 1982, the Gaston County tax collector served on BB&T an "order and levy" seeking to attach the bank account of Bob Dance Chevrolet at BB&T in the amount of $11,050 for the purpose of collecting taxes due for the year 1982.

On 24 March 1982, the City of Gastonia tax collector likewise served on BB&T a "Notice of Attachment and Garnishment" seeking to attach the same account in the amount of $7,488.60 in order to collect 1982 taxes due the city. On that date, the checking account of Bob Dance Chevrolet at BB&T contained funds in the amount of $17,271.85.

On 26 March 1982, BB&T replied to Gaston County and the City of Gastonia, claiming a right of setoff against the account sought to be attached. The basis for the assertion of setoff was the debt of Bob Dance Chevrolet as evidenced by the note and security agreement of 3 September 1981. This matter came to trial without a jury on 4 October 1982, and judgment was entered in favor of the City of Gastonia in the amount of $7,488.60. From these proceedings BB&T and Gaston County appeal.

*Mullen, Holland & Cooper, by Eugene A. Reese, Jr., for appellant Branch Banking and Trust Company.*

*Stott, Hollowell, Palmer and Windham, by Jeffrey M. Trepel, for appellant Gaston County.*

*Whitesides, Robinson and Blue, by Arthur C. Blue, III, for appellee City of Gastonia.*

ARNOLD, Judge.

Branch Banking and Trust Company contends that the trial court erred in failing to find that it had a right of setoff in the account of Bob Dance Chevrolet which had priority over the "order and levy" by the Gaston County tax collector and the "notice of attachment and garnishment" by the City of Gastonia tax collector. We agree and order this case reversed.

The right of setoff has been defined as the right of a bank "to apply the debt due by it for deposits to any indebtedness by the

depositor, in the same right, to the bank, provided such indebtedness to the bank has matured." *Hodgin v. Bank*, 124 N.C. 540, 541, 32 S.E. 887 (1889). In the case at bar, BB&T elected to setoff any obligation it had as garnishee to the city and county tax collectors by the debt of Dance Chevrolet on the 1981 note and security agreement which, under the terms of the agreement, matured when Dance Chevrolet ceased doing business on 19 March 1982. The crux of this matter, then, is whether the tax lien took priority over the bank's right of setoff.

Under G.S. 105-355(b) taxes on personal property "shall be a lien on personal property from and after levy or attachment and garnishment of the personal property levied upon or attached." The Gaston County and Gastonia tax liens attached upon the service of notice and attachment on March 22 and 24 respectively.

The lien created by the attachment of the Dance Chevrolet account with BB&T is further governed by the priority rule of G.S. 105-356(b)(2) which states:

> The tax lien, when it attaches to personal property, shall, insofar as it represents taxes imposed upon property other than that to which the lien attaches, *be inferior to prior valid liens and perfected security interests* and superior to all subsequent liens and security interests. (Emphasis added.)

The tax collectors urge a finding that BB&T must have actually exercised its right to setoff in order to have established its priority by virtue of a "valid lien" as contemplated by the statute. Although this may be the rule in some jurisdictions, we are compelled to follow the North Carolina law which exists on the subject of setoff and find that BB&T complied with all applicable statutory requirements. G.S. 105-368(d) states:

> If the garnishee has a defense or setoff against the taxpayer, he shall state it in writing under oath, and, within 10 days after service of the garnishment notice, he shall send two copies of his statement to the tax collector by registered or certified mail. . . .

In the case at bar, BB&T received notice of attachment on March 22 and 24. The bank then promptly asserted its right of setoff by mail on March 26, clearly within the prescribed 10-day

period. Although we do not disagree with the trial court's finding that "[a]s of the 24th day of March, 1982 the Bank has taken no affirmative step to set off the bank accounts of Bob Dance Chevrolet against any outstanding indebtedness," we are unable to see how that finding controls the disposition of this case. Under G.S. 105-368(b), BB&T clearly had 10 days after service of the attachment notice on March 22 and 24 to respond and assert its claim of setoff. Once the bank complied with the statute, its right became superior to the claims of the tax collectors. To require the bank to establish priority by "exercising" the right to setoff *before* receiving notice of attachment would necessitate the senseless practice of requiring a garnishee bank to anticipate which accounts might potentially be attached in order to avoid losing its right to the property upon receipt of notice of attachment.

We find that the trial court erred in failing to find that BB&T had a setoff in the account of Bob Dance Chevrolet giving the bank superior rights to those claimed by the Gaston County and City of Gastonia tax collectors. This decision makes it unnecessary for this Court to consider the validity of the county's lien on the account. The order of the trial court is

Reversed.

Judges WELLS and BRASWELL concur.