LENA KILLETTE v. RAEMELL'S SEWING APPAREL, INCORPORATED; RAEMELL HINES; TAMMY H. CORBIN; AND LINWOOD EARL HINES

No. 8811SC568

(Filed 7 March 1989)

**Receivers § 5.1— bank balance—note owed to the bank—action by receiver to recover account**

The trial court erred by concluding as a matter of law that a garnishee bank had waived its right of setoff against an insolvent corporation and ordering the bank to turn a balance over to the receiver where the insolvent corporate defendant had a balance of $2,568.55 in its account with the bank when plaintiff's action was filed; the corporate defendant at that time owed the bank $5,000 plus interest; and twenty-one payroll checks, totaling $2,496.16 had been submitted to the bank but not honored. Banks are debtors of their general depositors and have the right to offset against deposits any matured debts the depositors owe them; nothing else appearing, the right may be exercised at any time after the debt comes due, including when a bank is served with notice of levy or attachment. The bank here did not waive its setoff by honoring some checks after the company's note became due because the mere honoring of a depositor's checks after its note is due manifests only an intention to accommodate the depositor at that time, not an intent to continue doing so in the future. Moreover, the twenty-one employees with outstanding payroll checks have a lien, if at all, against the assets of their employer, not the assets of others, and the balance became an asset of the bank when the offset was asserted.

KILLETTE v. RAEMELL'S SEWING APPAREL

[93 N.C. App. 162 (1989)]

APPEAL by garnishee Bank of Pine Level from *Johnson (E. Lynn), Judge.* Order entered 26 February 1988 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 December 1988.

*Narron, O'Hale, Whittington and Woodruff, by James W. Narron and E. Craig Jones, Jr., for garnishee appellant Bank of Pine Level.*

*Thomas S. Berkau, pro se, receiver appellee.*

PHILLIPS, Judge.

This controversy, ancillary to the main action, is between the receiver for the insolvent corporate defendant and Bank of Pine Level, and it concerns a $2,568.55 balance that the company had in its checking account with the bank when plaintiff's action was filed on 13 March 1987. At that time the corporate defendant owed the bank $5,000, plus interest, on a note that had been past due for several months, and twenty-one of its payroll checks, amounting altogether to $2,496.16, had been submitted to the bank but not honored. The same day suit was filed the bank was attached as a debtor of the corporate defendant and served with a summons and notice of levy. The bank disputed the attachment on the ground that it had an offset against the company. Based upon these facts and that the bank had honored a number of the corporation's checks after the note became due and did not assert its setoff until the account was attached, the court concluded as a matter of law that the bank had waived its right of setoff against the corporation and ordered the bank to turn the $2,568.55 balance over to the receiver.

The court's conclusion is erroneous. Because of the company's checking account with the bank it was the bank's creditor and the bank its debtor. 9 C.J.S. *Banks and Banking* Sec. 267, p. 546 (1938). As debtors of their general depositors banks have long had the right to setoff against the deposits any matured debts the depositors owe them. *Continental Trust Co. v. Spencer,* 193 N.C. 745, 138 S.E. 124 (1927). Nothing else appearing, and nothing else does appear here, the right may be exercised "at any time after the debt becomes due," *Coburn v. Carstarphen,* 194 N.C. 368, 370, 139 S.E. 596, 597 (1927); and "any time," so it was held in *In the Matter of the Taxes of Bob Dance Chevrolet,* 67 N.C. App. 509, 512, 313 S.E. 2d 207, 209 (1984), includes when a bank is served with a notice of levy or attachment. Furthermore, the right

to assert the setoff "[i]n answer to a summons to garnishee" is expressly recognized by subsection (f) of the statute under which the levy was issued, G.S. 1-440.28, and that it was not asserted sooner is without legal significance.

Nor did the bank waive its setoff right by honoring some of the company's checks after the note became due. A waiver is an intentional and permanent relinquishment of a known right, *Green v. Patriotic Order Sons of America, Inc.*, 242 N.C. 78, 87 S.E. 2d 14 (1955), that usually must be manifested in a clear and unequivocal manner. *Klein v. Avemco Insurance Co.*, 289 N.C. 63, 220 S.E. 2d 595 (1975). The law does not discourage leniency to one's debtors, and in our opinion the mere honoring of a depositor's checks after its note is due manifests only an intention by the bank to accommodate the depositor at that time; it does not indicate an intent to continue doing so in the future. If such indulgences were held to be a permanent waiver of the right of setoff it could only encourage banks to immediately offset their matured notes against the checking account balances of their depositor-debtors, a practice bound to embarrass if not ruin many hard pressed debtors.

Though the order was not entered on that basis the receiver also argues that it can be sustained because the twenty-one employees of the depositor whose checks are outstanding have a lien upon the company's assets superior to all other liens, under the following provisions of G.S. 44-5.1:

> In case of the insolvency of a corporation, partnership or individual, all persons doing labor or service of whatever character in its regular employment have a lien upon the assets thereof for the amount of wages due to them for all labor, work, and services rendered within two months next preceding the date when proceedings in insolvency were actually instituted and begun against the corporation, partnership or individual, which lien is prior to all other liens that can be acquired against such assets . . .

The argument is without foundation. The lien, if any, that the employees have is against *the assets of their employer*, it does not attach to the assets of others; and the checking account balance became an asset of the bank upon the right of offset being asserted. 10 Am. Jur. *Banks* Sec. 666 (1963); 9 C.J.S. *Banks and Banking* Sec. 296 (1938). The receiver and the employees have no independent rights against the garnishee bank; they stand in the company's

KILLETTE v. RAEMELL'S SEWING APPAREL

[93 N.C. App. 162 (1989)]

shoes and can enforce only those rights it could if it was doing the attaching, *Ward v. Kolman Manufacturing Co.*, 267 N.C. 131, 148 S.E. 2d 27 (1966); *Goodwin v. Claytor*, 137 N.C. 224, 49 S.E. 173 (1904); and the company has no right to enforce since it owes the garnishee more than the garnishee owes it.

The order appealed from is therefore vacated and the matter remanded to the Superior Court for the entry of an order releasing the checking account involved from the garnishment levy.

Vacated and remanded.

Judges COZORT and GREENE concur.