STATE EX REL. EURE v. LAWRENCE

[93 N.C. App. 446 (1989)]

---

STATE OF NORTH CAROLINA EX REL. THAD EURE, SECRETARY OF STATE, AND LACY THORNBURG, ATTORNEY GENERAL, PLAINTIFFS v. FRED R. LAWRENCE, PINEWILD, INC., WOODLAND FINANCIAL CORPORATION, VACATION PLANNERS, LAWWILL CORPORATION, PEOPLES ADVANTAGE CORPORATION, CENTRAL MOORE MANAGEMENT COMPANY, FIRETREE MANAGEMENT CORPORATION, RIDGEFIELD CORPORATION, McIVER, INC., FALL, INC., FOREST RIDGE, INC., BRIARFIELD CORPORATION, BEACHWOOD CORPORATION, RIVERTREE, INC., THE VILLAGE LAKES, INC., SOUTH MOORE CORPORATION, SEVEN LAKES INVESTMENT GROUP, INC., PINEWILD AND ASSOCIATES, MINI-10, VACATION ASSOCIATES, DEFENDANTS

No. 8820SC409

(Filed 18 April 1989)

1. **Uniform Commercial Code § 28— demand note—right to payment**

A bank had the right to be paid in full from the date of a demand note without a formal demand for payment. N.C.G.S. § 25-3-122(1)(b).

2. **Banks and Banking § 13; Receivers § 5.1— appointment of receiver for depositor—bank's right of setoff not nullified**

The appointment of a receiver for a bank depositor did not nullify the mutual obligation between the depositor and the bank as a creditor of the depositor so as to nullify the bank's right to set off money in the depositor's bank accounts to cover his outstanding debts to the bank. Although N.C.G.S. § 1-507.3 made the receiver the legal owner of the bank accounts, the receiver took the accounts subject to existing obligations.

STATE EX REL. EURE v. LAWRENCE

[93 N.C. App. 446 (1989)]

**3. Banks and Banking § 13; Receivers § 5.1— bank's agreement with receiver—no waiver of setoff rights**

A bank's agreement with a depositor's receiver that the depositor's checking and savings accounts would remain open and that checks or withdrawals would be honored only with the signatures of both the depositor and the receiver did not constitute a waiver of the bank's right to set off money in the depositor's accounts to cover his outstanding debts to the bank.

**4. Banks and Banking § 13; Receivers § 5.1— receivership for depositor—bank's right to setoff**

Generally, funds deposited before receivership are available for setoff by a bank while funds deposited after receivership with the bank's knowledge that the deposited money belongs to a third person are not available for setoff.

**5. Banks and Banking § 13; Receivers § 5.1— receivership for depositor—amount of setoff by bank**

A bank was entitled to set off the entire amount of defendant depositor's checking and savings accounts, $58,680, against debts to the bank of $112,572 after a receiver was appointed for defendant where defendant had $118,994 on deposit with the bank on the date the receiver was appointed, and the receiver had paid out $60,314 more than she had deposited from the time of her appointment until the date of setoff.

APPEAL by First Bank from Order of *F. Fetzer Mills, Judge,* entered 11 January 1988 in MOORE County Superior Court. Heard in the Court of Appeals 26 October 1988.

*Robinson, Bradshaw & Hinson, P.A., by Peter C. Buck, Everett J. Bowman, and Allain C. Andry, for appellant First Bank.*

*Eugene J. Cella for appellee, State of North Carolina, North Carolina Securities Division.*

*Crisp, Davis, Schwentker, Page & Currin, by Diane A. Wallis, for appellee.*

COZORT, Judge.

The State of North Carolina filed an action against defendant Fred R. Lawrence and various corporations alleging violations of

State securities laws. A receiver was appointed to preserve and manage the assets of defendants. First Bank, not formally made a party in the State's lawsuit, set off money in defendant Lawrence's bank account to cover his outstanding debts to First Bank. The trial court granted the receiver's motion to direct First Bank to release the funds set off against defendant's loans. First Bank appeals. We reverse. The facts follow.

The action filed by the State alleged that defendant Lawrence and the various corporations had engaged in the illegal sale of securities since 1981. In response to the State's request, a temporary restraining order (T.R.O.) was issued on 5 November 1986 enjoining the sale of securities. In the order the trial court appointed a receiver to preserve and protect the assets of the defendants.

On 7 November 1986, the receiver met with an officer of First Bank, Seven Lakes Branch, and informed the Bank that she had been appointed to manage defendants' assets and that a T.R.O. had been entered against defendants. The receiver reached an agreement with the Bank providing that defendant Lawrence's personal checking and savings accounts were to remain open. No checks or withdrawals were to be honored without the signatures of both defendant Lawrence and the receiver. On 25 November 1986, a preliminary injunction was granted to continue the provisions of the T.R.O.

Over the next eight months the receiver deposited $28,368.00 in defendant Lawrence's checking account, and the Bank paid $1,857.00 in interest into the account. The Bank paid checks drawn on the account according to the agreement with the receiver. Defendant Lawrence's checking account balance declined from $115,978.00 on 5 November 1986 to $55,555.00 on 11 August 1987. At the time of the appointment of the receiver, defendant Lawrence had several debts to First Bank. A summary of defendant Lawrence's debts to First Bank is as follows:

1) a loan for $20,000.00, dated 2 January 1986, executed by defendant Lawrence personally; $14,191.00 was overdue and outstanding on 11 August 1987, the date of setoff;

2) a loan for $48,778.00, dated 29 May 1985, executed by defendant Lawrence and Mary Lawrence; $32,353.00 was overdue and outstanding on the setoff date;

STATE EX REL. EURE v. LAWRENCE

[93 N.C. App. 446 (1989)]

3) a loan for $10,000.00 made to Firetree Management Corporation on 31 January 1985 and personally guaranteed by defendant Lawrence; $1,528.00 was overdue and outstanding on the setoff date; and

4) a demand note for $85,500.00 made in June of 1986.

On 11 August 1987 First Bank set off $58,680.00 in defendant Lawrence's checking and savings accounts against $112,572.00 outstanding and overdue on defendant Lawrence's loans, $64,500.00 of which was overdue on the demand note. After a motion in the cause by the receiver, the trial judge ordered First Bank to pay over to the receiver the amount of setoff plus interest. First Bank appeals that order.

The issue to be decided on appeal is whether First Bank may exercise its right of setoff on defendant Lawrence's accounts after appointment of a receiver where that receiver has used the accounts to manage defendants' assets with the Bank's consent. We hold that First Bank may exercise its setoff rights.

The relationship between defendant Lawrence and First Bank was one in which he was the Bank's creditor for the amount deposited in his accounts, and the Bank was his debtor. *Killette v. Raemell's Sewing Apparel*, 93 N.C. App. 162, 377 S.E. 2d 73 (1989); *Lipe v. Guilford Nat. Bank, Inc.*, 236 N.C. 328, 330-31, 72 S.E. 2d 759, 761 (1952). Defendant Lawrence was a debtor of First Bank on various loans and guarantees. "As debtors of their general depositors banks have long had the right to setoff against the deposits any matured debts the depositors owe them. [Citation omitted.] *Nothing else appearing*, . . . the right may be exercised 'at any time after the debt becomes due,' [citation omitted] . . . ." *Killette*, 93 N.C. App. at 163, 377 S.E. 2d at 74 (emphasis added). The right of setoff is firmly rooted in equity and is, therefore, limited by the maxim: he who seeks equity must do equity. *Stelling v. Wachovia Bank and Trust Co.*, 213 N.C. 324, 327, 197 S.E. 754, 756 (1938); *see also Jefferson Standard Life Ins. Co. v. Guilford County*, 226 N.C. 441, 447, 38 S.E. 2d 519, 524 (1946) (the court stated that the maxim was more than a moral guide; it was an enforceable rule). In this case the Bank's right of setoff was also granted by contract in the promissory notes signed by defendant Lawrence. In record below, we find no evidence that First Bank acted in bad faith or with "unclean hands."

[1] Initially, we dispense with the receiver's argument that since the loans were not mature until after the receivership began, the Bank could not use its right of setoff. The receiver argues that the Bank had not made a demand for payment on the demand note. The Bank, however, had the right to be paid in full from the date of the demand note, 9 July 1986, without a formal demand for payment. N.C. Gen. Stat. § 25-3-122(1)(b) (1986). The demand note's unpaid balance was $64,500.00 at the time of setoff, 11 August 1987. The unpaid balance of the demand note alone exceeded the amount set off, $58,680.00, not to mention the total outstanding on defendant Lawrence's other loans and guarantees. The demand note was, therefore, due and payable before the receiver was appointed on 5 November 1986 and the amount due and payable exceeded the amount set off.

[2] We next consider whether the Bank's right of setoff was lost because there was no mutuality between the receiver as legal owner of the deposits and the Bank as defendant Lawrence's creditor. The receiver contends that mutuality between First Bank and defendant Lawrence was destroyed on 5 November 1986, the date of her appointment as receiver, because N.C. Gen. Stat. § 1-507.3 made her legal owner of the bank accounts. We disagree.

It is well settled that "the receiver takes the property of the insolvent debtor subject to mortgages, judgments, and other liens existing at the time of his appointment." *National Surety Corp. v. Sharpe*, 236 N.C. 35, 50, 72 S.E. 2d 109, 123 (1952). Section 1-507.3 serves as a vehicle to transfer title to and rights in property to the receiver for preservation and management of the debtor's assets. Nothing in that statute suggests that the receiver should take the property free of existing obligations. A related statute, N.C. Gen. Stat. § 1-507.8, allows a court to order the sale of encumbered assets free of encumbrances if litigation is pending and the value of the property will decline pending the litigation. That section further provides that the proceeds of such a sale "remain *subject to the same liens and equities of all parties* in interest as was the property *before* sale." N.C. Gen. Stat. § 1-507.8 (1983) (emphasis added). The appointment of the receiver did not nullify the mutual obligation between the Bank and defendant Lawrence.

[3] We next consider whether the Bank's agreement with the receiver to accept deposits and honor checks constituted a waiver of the Bank's setoff rights. A similar issue was addressed in *Killette*:

STATE ex rel. EURE v. LAWRENCE

[93 N.C. App. 446 (1989)]

Nor did the Bank waive its setoff right by honoring some of the company's checks after the note became due. A waiver is an intentional and permanent relinquishment of a known right, *Green v. Patriotic Order Sons of America, Inc.*, 242 N.C. 78, 87 S.E. 2d 14 (1955), that usually must be manifested in a clear and unequivocal manner. *Klein v. Avemco Insurance Co.*, 289 N.C. 63, 220 S.E. 2d 595 (1975). The law does not discourage leniency to one's debtors, and in our opinion the mere honoring of a depositor's checks after its note is due manifests only an intention by the bank to accommodate the depositor at that time; it does not indicate an intent to continue doing so in the future. If such indulgences were held to be a permanent waiver of the right of setoff it could only encourage banks to immediately offset their matured notes against the checking account balances of their depositor-debtors, a practice bound to embarrass if not ruin many hard-pressed debtors.

*Killette*, 93 N.C. App. at 164, 377 S.E. 2d at 74-75.

[4] Having established that the Bank's right of setoff continued after the appointment of the receiver, we now turn to the question of how much the Bank was entitled to set off. Resolution of this issue has been complicated by the commingling of defendant Lawrence's pre-receivership funds with funds deposited by the receiver. Generally, funds deposited before receivership are available for setoff while funds deposited after receivership where the Bank has knowledge that the money deposited belongs to a third person are not available for setoff. *New York Indemnity Co. v. Corporation Commission*, 197 N.C. 562, 565, 150 S.E. 16, 17 (1929).

It is well settled that if a bank actually knows that sums deposited in the account of one of its debtors belong to a third person, it cannot apply such funds against the debtor's obligation to it. A bank is also denied the right to set off a third person's sums in its debtor's account against the debtor's obligation to it where it lacks actual knowledge or notice that the sums belong to a third person, but has knowledge of circumstances sufficient to necessitate inquiry concerning the sums. These rules have been applied in cases involving a variety of depositors.

Annotation, Bank's Right to Apply Third Person's Funds, Deposited in Debtor's Name, On Debtor's Obligation, 8 A.L.R. 3d 235, 238-39.

STATE ex rel. EURE v. LAWRENCE

[93 N.C. App. 446 (1989)]

In this case an officer of the Bank, Rebecca Gilmore, was notified of the appointment of the receiver two days after the receiver was appointed. Ms. Gilmore stated in an affidavit that she was familiar with defendant Lawrence's business dealings with the Bank. In fact most of the corporations named as defendants in this case were headquartered in the same shopping center as the Bank. Moreover, the Bank agreed with the receiver to retain defendant Lawrence's checking and savings accounts and agreed to honor only those checks signed by both defendant Lawrence and the receiver. A change in the name of the bank account has been held in some jurisdictions to constitute inquiry notice. 10 Am. Jur. 2d *Banks* § 677 at 650 (1963). We believe the Bank had sufficient knowledge to warrant an inquiry that the receiver held legal title to funds deposited in defendant Lawrence's checking account after 7 November 1986. *Cf., New York Indemnity Co.*, 197 N.C. at 565, 150 S.E. at 17. We do not believe the facts below, however, support a ruling prohibiting the Bank from setting off funds deposited by the receiver.

[5] In determining whether the Bank should be allowed to set off funds deposited by the receiver, the record reveals that on the day the receiver was appointed, 5 November 1986, defendant Lawrence had $118,994.00 on deposit with First Bank. The record shows that $30,325.00 was deposited into defendant Lawrence's accounts from January to August 1987. The record is unclear concerning whether the receiver deposited funds before January 1987. The record does reveal, however, that the receiver paid out $90,639.00 from the time of her appointment in November 1986, until the date of setoff, 11 August 1987. Since the receiver paid in only $30,325.00, and since the total paid out was $90,639.00, the receiver paid out $60,314.00 more than she paid in. The balance of defendant Lawrence's checking and savings accounts with First Bank as of the setoff date, 11 August 1987, was $58,680.00. We believe fairness dictates that the Bank should be allowed to set off $58,680.00.

The receiver has attempted to argue on appeal, as a cross assignment of error, that the trial court erred in admitting the affidavits of Ms. Gilmore. In reviewing the record, we find nothing to indicate that the receiver objected to the affidavits below as required by Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. Furthermore, the receiver did not give notice of appeal. *Id.* Rule 3. The receiver's argument is dismissed.

The order of the trial court is reversed.

Reversed.

Judges ARNOLD and WELLS concur.