## CLEVELAND TRUST CO v CROTHERS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13195.    Decided Dec 4, 1933

Sawyer, Cummings, Mook, Strong and Douglas, Cleveland, for plaintiff in error.

S. O. Friedman, Cleveland, for defendant in error.

Paul P. Sogg, Cleveland. Amicus Curiae.

## OPINION

By LIEGHLEY, PJ.

The single question presented to us for decision is whether or not the Bank had a right to set-off and apply this deposit of Mrs. Stevens on her past due debt secured by mortgage after service of an order in aid.

We shall not extend this opinion to the great length that would be required to cite and comment on the many decisions called to our attention.

The law is settled in this State that the relation of a depositor and a bank is that of debtor and creditor. The leading case is **Bank v Brewing Company, 50 Oh St 151,** the syllabus of which follows:

"1. Money received by a bank on general deposit becomes the property of the bank, and its relation to the depositor is that of debtor, and not of bailee or trustee of the money.

"2. The check of such depositor for part of the sum due him, is not an assignment pro tanto without acceptance by the bank.

"3. Where, at the time such check is drawn, or is presented, the drawer is indebted to the bank on past due paper, it may treat the cross demands existing between them as compensated so far as they equal each other, and credit the demands accordingly; and, if there is not then sufficient balance standing to the credit of

the drawer, payment of the check may be refused for want of funds."

The force and effect of §11321 GC, is discussed in this decision and the rights of the respective parties are recited in the opinion at pages 157-8.

Sec 11321, GC (formerly Revised Statutes §5077) reads as follows:

"WHEN CROSS DEMANDS DEEMED COMPENSATED. When cross demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

This statute clearly grants the right to the Bank to set-off and apply a deposit to a past due obligation of a depositor to the bank. This right to set-off by the bank may be exercised after a check has been drawn by the depositor in favor of a third person. This right of set-off remains with the bank even though there has been a voluntary assignment by the depositor to a third person.

**Railroad Company v Bank, 54 Oh St 60.**
**Oliver v Canan, 71 Oh St 360.**

Notwithstanding the section above quoted and the decisions above referred to, plaintiff claims that the right of set-off conferred by §11321 GC, not having been asserted or exercised prior to the service of process in aid, is subordinated to the rights of the judgment creditor by force of the provisions of §11772 GC. Said section reads as follows:

"EXAMINATION OF DEBTOR OF JUDGMENT DEBTOR. After the return of an execution against the property of a judgment debtor, or of one of several debtors in the same judgment, and upon proof in writing, by affidavit or otherwise, to the satisfaction of the judge, that a person or corporation has property of such judgment debtor, or is indebted to him, the judge, by an order may require such person or corporation, or any officer or member of the corporation to appear at a specified time and place, in the county wherein such person or corporation is served with the order, and answer concerning it. From the time of its service, property, money, or credits in the hands, or under the control of the person or corporation so served, belonging to the judgment debtor, or due from him to such person or corporation, shall be bound, and he or it, as the case may be, thereby made liable to the judgment creditor therefor."

The plaintiff claims that the effect of this statute is to create a lien on the property in favor of the judgment creditor. A lien is created, but a lien on what property? Is it a lien on all the funds on deposit not theretofore actually set off, or on the balance remaining after the cross-demands are balanced by virtue of the right conferred by §11321 GC.

Sec 11321 GC unequivocally gives the right of set off to parties with present-due cross-demands. This section contains no exceptions. §11772 GC creates a lien on any debt due from the garnishee to the judgment debtor. The debt due is the balance due after the debits and credits are computed and balance ascertained.

Whether by check or otherwise, the depositor or the Bank cannot by act or conduct defeat the rights conferred to both or either by §11321 GC. Nor can the judgment creditor assert any rights against the Bank which his debtor could not assert. Likewise, the bank has the same defenses against the judgment creditor that it may assert against its depositor.

Finally, it is our opinion that the right of set-off where cross demands exist is given by statute in any case in which suit is brought by the one party in which suit the other party may legally counter-claim. The Bank has the right of set-off at all times up to the amount of the indebtedness past due, indebtedness of the depositor to the bank or vice versa. Service of process in garnishment does not defeat or take away that right, although the right is not asserted and the bookkeeping act of set-off not performed until after service of garnishment process. The provisions of §11772 GC reach only such sum as may remain after the balance is struck.

For the foregoing reasons it is our opinion that the judgment of the Municipal Court is erroneous as a matter of law, to the extent and in the amount set off, and the same is reversed and remanded for further proceedings in accordance with the opinion.

LEVINE and McGILL, JJ, concur in judgment.