**MARRISON, Plaintiff, v. HOGUE et, Defendants.**

Municipal Court, Ashtabula, Ohio.

No. 14515.   Decided July 7, 1950.

Richard C. Rose, Ashtabula, for plaintiff.
Walter L. Barsky, Ashtabula, for defendants.
Nelson Hague, Ashtabula, for Garnishee.

**OPINION**

By PAULINO, J.

This cause came on to be heard by the court on Proceedings in Aid of Execution. On April 5, 1950 a judgment for $511.58 and court costs was recovered by Curtis Marrison, plaintiff, against Farnum F. Hogue and Marleo E. Hogue, also known as Marleah E. Hogue, defendants. Thereafter, on May 19, 1950, a motion and an affidavit for an order in aid of execution was filed and on the same day an order was served on The Farmers National Bank & Trust Company of Ashtabula, Ohio, to appear before the court on May 29, 1950 to answer respecting any liability on the part of the bank to the defendant, Farnum F. Hogue. By agreement of the parties the hearing on the order was continued to June 7, 1950.

The Farmers National Bank and Trust Company, as garnishee, sent two letters to the court which were filed in the office of the Clerk of Court. The first letter dated May 20, 1950 and filed on May 23, 1950 stated as follows:

"Referring to Case No. 14515 Curtis Marrison v. Farnum F. Hogue and wife, we wish to advise that the balance on the checking account of said Hogue at our bank is the sum of $334.57."

The second letter dated May 25, 1950 and filed on May 26, 1950 stated as follows:

"A few days ago we advised you that there was a balance of $334.57 in a checking account in our bank standing in the name of Farnum F. Hogue.

"Inasmuch as Mr. Hogue is indebted to our bank we are claiming this as an offset and applied it on his loan thus balancing out the account."

At the hearing held on June 7, 1950, Mr. F. B. Russell, President of The Farmers National Bank and Trust Company, substantiated the statements set forth in the two letters and testified further that the defendant, Farnum F. Hogue, owed the bank the sum of $2067.50 on a demand note dated January 10, 1950; that after the bank had been served with the order in aid of execution the credit balance in the sum of $334.57 in the checking account of the defendant was credited to the note owing the bank and was charged off. On cross examination Mr. Russell testified that no formal demand had been made on Mr. Hogue for payment of the note at the time of the offset nor at any other time.

In the brief filed on behalf of the plaintiff it is contended that the bank had no right to appropriate an account of a depositor after an order in aid of execution had been served upon the bank to subject the funds of the defendant toward the payment of the judgment of the plaintiff. In support of this contention plaintiff cites §11837 **GC** which reads as follows:

When property and garnishee bound.—An order of attachment shall bind the property attached from the time of service. A garnishee shall be liable to the plaintiff in attachment for all property of the defendant in his hands and money and credits due from him to the defendant from the time he is served with the written notice hereinbefore mentioned.* * *

Plaintiff further contended that at the time of the service of the order on the bank there was a balance of $334.57 in the checking account of the defendant, Farnum F. Hogue, and that the bank had no right to summarily appropriate these funds, that the bank at the time of being served with the order in aid of execution was honoring checks written by said defendant, that it had made no claim to the funds, that it had made no demand for payment of the note on the defendant, that it had made no attempt to collect the note from the defendant, that the bank failed to sustain its position by having failed to introduce the note in evidence or to exhibit it to the court, and that there had been no legal determination that defendant was indebted to the bank, and that by summarily appropriating the funds of said defendant, the bank failed to give the defendant, Farnum F. Hogue, the opportunity to set up any defenses he might have had against the claim of the bank.

The defendant, Farnum F. Hogue, filed a brief upholding the position which the bank had taken. His contention was that the bank had a perfect right to summarily appropriate the funds in the checking account to apply on the note owing the bank. He argued that no demand upon him for payment of the note was necessary and that the bank had a prior right to any attaching creditor to set off funds on deposit in his checking account against the note owing by the defendant.

The Courts of the State of Ohio have generally held that a bank has the right to set-off against a deposit the matured debt of a depositor to the bank. This right is given to the bank even after it has been served with a garnishee notice. **Cleveland Trust Co. v. Crothers, 15 Abs 445.**

Syl 2. The right of set-off given by §11321 **GC** between persons between whom cross demands have existed gives to a

bank the right to apply the account of a depositor to a past due mortgage after an order in aid of execution is served on it to reach the depositor's account.

On page 447 of the above decision the court held as follows:

Finally, it is our opinion that the right of set-off where cross demands exist is given by statute in any case in which suit is brought by the one party in which suit the other party may legally counter-claim. The Bank has the right of set-off at all times up to the amount of the indebtedness past due, indebtedness of the depositor to the bank or vice versa. Service of process in garnishment does not defeat or take away the right, although the right is not asserted and the bookkeeping act of set-off not performed until after service of garnishment process. The provisions of §11772 GC reach only such sum as may remain after the balance is struck.

The leading Ohio cases supporting this proposition of law are as follows:

**Bank v. Brewing Company, 50 Oh St 151.**

**Railroad Co. v. Bank, 54 Oh St 60.**

The plaintiff in his brief contended that the note of the bank being a demand note had not become due by reason of the fact that the bank had made no demand upon the defendant for payment and by reason of the fact that the bank had not shown to the Court that it had a valid and mature claim against the defendant. In support of his contention plaintiff cites 3 R. C. L., page 592, Sec. 220, as follows:

As a general rule, in order that a bank may apply a deposit to an indebtedness of a depositor to it, the indebtedness must be due and payable. A debtor in one sum has no lien upon it in his hands, for the payment of a debt owned by him, which has not yet matured; nor has a bank, more than any other debtor. Both hold, as debtors, the moneys of their creditors, and may set up no claim to them not given by the law of set-off, counterclaim, recoupment or kindred rules. And as a bank holding a note of a depositor has no right of set-off, and no valid lien, before the note matures, it has ᵇ‌een held that if, in the interval before the maturity, the depositor makes an assignment of his funds without the knowledge of the bank, but otherwise legal, the amount of his balance will pass to the assignee.

On the question of a demand for payment being made before a demand note becomes due, plaintiff cites **§8176 GC** which provides as follows:

When the instrument is not payable on demand presentment must be made on the day it falls due. When it is payable on demand, presentment must be made within a reasonable time after its issue.

On the other hand defendant in support of his contention that a demand note is due upon execution cites the following cases:

Rigley v. Watts, 15 C. C. 645; 8 C. D. 229.

1. A promissory note payable 'on demand after date,' is not an instrument to pay money on time; it is a promise to pay which becomes mature at its execution and due at its date.

2. When a promissory note payable 'on demand after date' is delivered, the payee may at once put it in action; the commencement of the suit is sufficient demand.

**The Union Central Life Insurance Company v. Curtis, 35 Oh St 357.**

In the condition of a mortgage given to secure the payment of a promissory note, payable on demand, it was provided that, if the mortgagor should pay said note, or cause the same to be paid, the mortgage deed should be void; Held, that demand of payment of the note before suit was not a necessary condition to a right of action on the mortgage. **Hill v. Henry, 17 Ohio 9.**

A promissory note for money, payable on demand, is due upon delivery.

The Court has examined a number of authorities on the proposition of whether or not demand must first be made before a note due on demand matures. Gordon v. Preston, Wright 341, decided in 1833, holds that 'Where a note is payable on demand, it is not due until demanded.' This authority, however, is not the prevailing view. The case of **Darling v. Wooster, 9 Oh St 517,** decided in 1859 holds that no demand is necessary to sustain an action on a demand note. In this particular case 'the petition contained no averment of a demand previous to the commencement of suit, and no evidence of such previous demand was offered upon the trial.' The Supreme Court of Ohio affirmed the decision of the lower court.

A more recent authority, decided July 28, 1943, holding that a demand note is due upon delivery thereof is the case of **Union Properties, Inc. v. McHenry, 142 Oh St 136, 26 O. O. 339,** on page 342 which holds as follows:

It is well settled that a promissory note payable on demand is due upon delivery thereof, and therefore the filing of an action is in itself sufficient demand against the maker of a note to sustain the action and no demand for payment is required prior thereto.

Plaintiff in his brief cited §8176 GC which provides for presentment of an instrument for payment when it is payable on demand. This rule applies only to endorsers

but not to the payor of the instrument. No presentment for payment of the instrument to the maker thereof is necessary. Sec. 8175 GC provides as follows:

Presentment for payment is not necessary in order to charge the person primarily liable on the instrument.

Plaintiff further contended that the bank did not introduce the note into evidence and neither did it exhibit the note to the court in order to sustain the position which it took.

It is an elementary principle of law that the burden of proof is upon the one who asserts. The evidence presented by the bank was that it had a demand note and that it applied the funds in the checking account of the defendant, Farnum F. Hogue, as a set-off against the indebtedness owing the bank by the defendant. If the plaintiff is asserting that the bank did not have such a note or that the facts with reference to the note were different from the testimony which was presented, the burden was upon the plaintiff to so show such facts. The plaintiff had ample opportunity to cross examine the witness for the bank and to require him to present the note in evidence.

Knight v. Boren 39 Abs 96.

A party who seeks relief by legal process must make proof of the basic facts essential to establish the right to such relief.

The plaintiff in this case filed a Motion and Affidavit for an Order in Aid of Execution. This order was served upon The Farmers National Bank and Trust Company. The bank first answered stating that the defendant, Farnum F. Hogue, had on deposit with it in a checking account the sum of $334.57. Later the bank answered stating that the defendant, Farnum F. Hogue, was indebted to it and that this sum of $334.57 was applied as a set-off against his indebtedness to the bank. The testimony of the bank at the hearing disclosed that the bank was the holder of a demand note executed by the defendant, Farnum F. Hogue, which note was dated January 10, 1950 and was in the sum of $2067.50.

On the basis of the evidence presented in this hearing and of the authorities herein cited the court finds that the bank has no funds in its possession belonging to the defendant, Farnum F. Hogue, subject to be applied on the judgment of the plaintiff, and the court is therefore vacating the Order in Aid of Execution and is dismissing the garnishment proceedings filed against The Farmers National Bank and Trust Company. Exceptions of the plaintiff noted.