HOOVER, TRUSTEE, APPELLEE, *v.* PROFESSIONAL & EXECUTIVE MORTGAGE CORPORATION; DETROIT WARREN LIMITED, APPELLANT.

224

(No. 3742 — Decided April 3, 1985.)

· *David J. Figuli,* for plaintiff.

*Robert D. Gary* and *Jori Bloom Naegele,* for defendant.

MAHONEY, J. Appellant, Detroit Warren Limited, challenges a Lorain Municipal Court order permitting plaintiff-appellee, Dr. George O. Hoover, as trustee for Physicians in Family Practice, Inc., to garnish a debt owed by Saratoga Apartments Partnership to defendant, Professional & Executive Mortgage Corporation. We affirm.

On February 16, 1983, Dr. Hoover, as trustee, filed a garnishment proceeding against Saratoga Apartments Partnership ("Saratoga") seeking $3,500 owed by Saratoga to Professional & Executive Mortgage Corporation ("P.E.M.") for release of a mortgage. On February 21, Dr. Hoover's motion in aid of execution was granted, and notice was served on Saratoga on February 22. The parties agree that the debt had accrued on January 27, 1983 and that Saratoga was without funds to satisfy the debt until March 8.

On March 8, 1983, appellant, Detroit Warren Limited ("Detroit Warren"), filed a motion in aid of execution attempting garnishment of the same funds. There is nothing in the record to indicate that Detroit Warren's motion was ever served on Saratoga. On March 9, Saratoga responded to the February 21 order and deposited a check payable to P.E.M. in the amount of $3,500 with the court. The trial court granted the February 16 motion and ordered the clerk to pay the $3,500 to Dr. Hoover as trustee.

Detroit Warren appeals, contending:

"The Lorain Municipal Court erred in its failure to grant judgment to creditor/appellant as a matter of law because the garnishee had no property or credits of the defendant in its possession or control at the time of its receipt of the 'court order and notice of garnishment' or within five (5) days following receipt of same, pursuant to Ohio Revised Code Section 2716.21."

R.C. 2716.21(B) provides:

"After written notice of garnishment is served on the garnishee, as provided in section 2716.05 or 2716.13 of the Revised Code, the garnishee shall appear and answer within five business days after receipt of the notice. Under oath, the garnishee shall answer all questions addressed to him regarding the personal earnings owed to the defendant for services rendered before service of the notice or regarding the amount of money, property, or credits, other than personal earnings, of the defendant that is in his possession, whichever is applicable. The garnishee shall truly disclose the amount owed by him to the defendant whether due or not, and in the case of a corporation, any stock held therein by or for the benefit of the defendant. If a garnishee appears and answers and on his examination it is discovered that at or after the service of

the notice upon the garnishee, he possessed any money, property, or credits of the defendant or was indebted to the defendant, the court may order the payment of the amount owed into court, or it may permit the garnishee to retain the money, property, or credits or the amount owed upon his executing to the plaintiff a bond with sufficient surety to the effect that the amount will be paid as the court directs."

In the instant case, Saratoga became indebted to P.E.M. on January 27, 1983. However, Detroit Warren contends that, because Saratoga did not actually have the funds to pay its debt until after the five-day answer period provided in the statute, the debt is not a credit of the defendant. We do not agree.

The statute clearly states that "[i]f * * * it is discovered that at or after the service of the notice upon the garnishee, he * * * was indebted to the defendant, the court may order the payment of the amount owed into court * * *." In the instant case, Saratoga became indebted to P.E.M. on January 27. It still owed the debt on February 22. We find no error in paying the money owed into the court on March 9, when the funds became available.

Nor do we believe that Saratoga's failure to answer within the five-day period limits plaintiff's right to garnish the credit sought. A careful reading of R.C. 2716.21 indicates a twofold purpose for the five-day requirement, namely, to expedite garnishment proceedings and to provide remedies for recalcitrant garnishees. R.C. 2716.21(E) gives the court authority to institute contempt proceedings against tardy garnishees. R.C. 2716.21(F) permits plaintiff to obtain a civil judgment against the garnishee for the amount of money owed to the defendant. Thus, we believe that plaintiff's rights are aided rather than abrogated by the five-day requirement.

Appellant further contends that plaintiff's proper remedy was to obtain a creditor's bill pursuant to R.C. 2333.01. Again, we disagree.

In *Lakeshore Motor Freight* v. *Glenway Industries* (1981), 2 Ohio App. 3d 8, 9, the court said:

"* * * [W]e note that an action in the nature of a creditor's suit under R.C. 2333.01 is wholly equitable in nature and, as such, permits the judgment creditor to reach equitable assets which, by reason of encumbrances thereon or uncertainties respecting title or valuation, cannot be effectively subjected under the ordinary legal process of execution by way of judgment liens, attachment or garnishment.* * *"

The $3,500 debt accrued on January 27. Thus, on February 22, it was both vested and determinable and not an equitable interest.

We overrule appellant's assignment of error. The judgment is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and QUILLIN, J., concur.