**FIRESTONE, Appellant,**

v.

**FIRESTONE et al., Appellees.**

[Cite as *Firestone v. Firestone* (1991), 81 Ohio App.3d 133.]

Court of Appeals of Ohio,
Summit County.

No. 15020.

Decided Sept. 25, 1991.

*Paul T. Belazis* and *W. David Arnold,* for appellant.

*Robert E. Kerper* and *Robert M. Stefancin,* for appellees.

CACIOPPO, Judge.

On January 18, 1991, appellant, Myra O. Firestone, served on Ameritrust Company, N.A. ("Ameritrust"), a notice of garnishment seeking property consisting of trust account assets, including income and principal from the Russell A. Firestone Trust No. 2.

On January 28, 1991, Ameritrust answered the garnishment notice, asserting that it had no money, property or credits, other than personal earnings of Russell A. Firestone, Jr. under its control or under its possession.

On February 6, 1991, the Summit County Court of Common Pleas found that Ameritrust had no funds under its control or in its possession at the time it received notice of garnishment since the trust held in the bank is under the

absolute control of the trustee, who determines when and if disbursements will be made to the judgment-debtor, Russell A. Firestone, Jr.

### Assignment of Error

"The court erred in concluding that the entry of a garnishment order is effective only against those assets in the possession of the garnishee at the precise time that the notice of garnishment is served."

It is plain on the face of the trial court's February 6, 1991 order, that the court relied on the belief that the Russell A. Firestone Trust No. 2 is under the absolute control of the trustee. After thoroughly reviewing the record, we find it devoid of any mention of the trust in question. Therefore, the trial court improperly went outside of the record to decide this cause, and we must reverse.

This cause turns on whether the garnishee, Ameritrust, owed any of the trust assets to the judgment-debtor, Russell Firestone, Jr., as a trust beneficiary, and whether the amount owed from the trust was due or not. R.C. 2716.21(B); *Hoover v. Professional & Executive Mtge. Corp.* (1985), 21 Ohio App.3d 223, 225, 21 OBR 239, 240, 486 N.E.2d 1285, 1287. Thus, this cause cannot be determined without some evidence concerning the trust being made a part of the record.

The assignment of error is well taken.

The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and REECE, J., concur.