**McKINNEY, INC., Appellant,**

v.

**WYMAN CORP., et al., Appellees.**

[Cite as *McKinney, Inc. v. Wyman Corp.* (1995), 102 Ohio App.3d 648.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67102.

Decided April 11, 1995.

Lustig, Icove & Lustig Co., L.P.A., Robert M. Lustig and Matthew Harris Lucas, for appellant.

Wickens, Herzer & Panza, William F. Kolis, Jr., and Russell R. Aukerman, for appellee Wyman Corp.

Nancy M. Czupik, for appellee Home Federal Savings Bank, Northern Ohio.

NAHRA, Judge.

Appellant, McKinney, Inc., is appealing the trial court's order overruling appellant's objections to the referee's report, and holding that the referee's determination would remain in effect. The referee determined that a garnishment order served upon appellee-garnishee, Home Federal Savings Bank, Northern Ohio ("Home Federal"), against the account of appellee Wyman Corp. should be dismissed. For the following reasons, we reverse.

McKinney filed suit against Wyman. An agreed judgment entry granted McKinney judgment against Wyman in the amount of $47,073.16. A garnishment

order was served upon Home Federal on December 17, 1992. Later that same day, Home Federal withdrew $21,860.27, the balance of Wyman's account, and applied it to an existing loan Home Federal had made to Wyman. On December 17, 1992, Wyman was in default of this loan with a balance due of over $1,000,000.

From December 18 to December 23, Home Federal honored Wyman's drafts and paid $43,951.10 out of Wyman's account. Wyman deposited funds during this period to cover the checks, and had an ending balance of $7,687.24 on December 23.

The municipal court's docket reflects that Home Federal filed its answer to the garnishment order on January 4, 1993. The answer states that Home Federal had no property of Wyman's under its possession and control.

## I

Appellant's first three assignments of error are interrelated and will be discussed together. These assignments of error state:

"I. The trial court erred in finding that the garnishee achieved a legally effective setoff.

"II. The trial court erred in failing to apply *GMAC v. Belmares* (1992), 75 Ohio App.3d 385 * * *, to the facts presented.

"III. The trial court erred in applying *Marrison v. Hogue* (1950), 57 [Ohio Law Abs.] 571, 95 N.E.2d 15."

█ A bank has the right of setoff against a depositor's account for a matured debt of the depositor, even after the bank is served with a garnishment notice. *Walter v. Natl. City Bank of Cleveland* (1975), 42 Ohio St.2d 524, 71 O.O.2d 513, 330 N.E.2d 425; *Marrison v. Hogue* (M.C.1950), 57 Ohio Law Abs. 571, 95 N.E.2d 15; *Maines Paper & Food Service–Midwest, Inc. v. Regal Foods, Inc.* (Jan. 27, 1995), Lucas App. No. L–94–037, unreported, 1995 WL 29543. Appellant contends that this holding has been overruled by *Gen. Motors Acceptance Corp. v. Belmares* (1992), 75 Ohio App.3d. 385, 599 N.E.2d 436, and *Baker v. Natl. City Bank of Cleveland* (C.A.6, 1975), 75 O.O.2d 275, 511 F.2d 1016. *Gen. Motors,* 75 Ohio App.3d at 388, 599 N.E.2d at 438, and *Baker,* 511 F.2d at 1018, discuss the three steps necessary to complete an effective setoff, and do not hold a bank has no right to set off after a garnishment notice. In *Baker,* the bank was prohibited from setoff by a bankruptcy court injunction, and not by a garnishment. *Gen. Motors* cites some of the reasoning in *United States v. Bell Credit Union* (C.A.10, 1988), 860 F.2d 365, 371–372, but does not adopt the holding of *Bell. Bell* held that a setoff by a credit union which occurred after notice of an Internal Revenue Service ("IRS") lien is inferior to the IRS lien. However, the federal rules of priority which apply to an IRS lien do not apply to garnishment

by a creditor. Thus, *Marrison, supra,* has not been overruled and the trial court did not err in applying this case.

█ We must now determine if Home Federal accomplished the three steps necessary to complete an effective setoff. The three steps are " '(1) the decision to exercise the right, (2) some action which accomplishes the setoff and (3) some record which evidences that the right of setoff has been exercised.' " *Belmares,* 75 Ohio App.3d at 388, 599 N.E.2d at 438, quoting *Baker,* 75 O.O.2d at 277, 511 F.2d at 1018. Home Federal took action to accomplish the setoff by debiting Wyman's account. The bookkeeping notations on Wyman's account records were sufficient to evidence the exercise of the right of setoff. Thus, Home Federal completed a legally effective setoff. The referee made this same determination and did not fail to apply *Gen. Motors* to the facts of this case.

Accordingly, appellant's first, second and third assignments of error are overruled.

## II

Appellant's fourth, fifth, sixth, seventh and ninth assignments of error are interrelated and will be discussed together. They state:

"IV. The trial court erred in finding that the garnishee did not waive its right of setoff.

"V. The trial court erred in applying *Killette v. Raemell's Sewing Apparel, Inc.,* 377 S.E.2d 73, 93 N.C.App. 162 (N.C.App.1989).

"VI. The trial court erred in applying *Wenneker v. Physicians Multispecialty [Group, Inc.],* 814 S.W.2d 294 (Missouri Sup.Ct. 199[1] ).

"VII. The trial court erred in finding that there was no evidence from which it could reasonably infer that the garnishee was deliberately attempting to aid the defendant.

" * * *

"IX. The trial court erred in basing its decision on inapplicable public policy."

These assignments of error all deal with the issue of whether Home Federal waived its right of setoff by honoring Wyman's checks after the garnishment notice was served.

█ If a garnishee bank takes action that is inconsistent with asserting the right of setoff, the bank waives its right of setoff. *Maines Paper, supra; Michigan Carpenters' Council Pension Fund v. Smith & Andrews Constr. Co.* (E.D.Mich.1988), 681 F.Supp. 1252, 1255. Permitting the depositor to withdraw funds or honoring checks of the depositor is an admission that the bank is

indebted to the depositor, and is inconsistent with claiming setoff. *Id.; First Bank of Whiting v. Samocki Bros. Trucking Co.* (Ind.App.1987), 509 N.E.2d 187, 199. There are circumstances, however, where honoring checks does not constitute a waiver. A waiver is defined as an intentional relinquishment of a known right. See *Allenbaugh v. City of Canton* (1940), 137 Ohio St. 128, 17 O.O. 473, 28 N.E.2d 354; see, also, *Daugherty v. Cent. Trust Co.* (1986), 28 Ohio St.3d 441, 442, 28 OBR 492, 492–493, 504 N.E.2d 1100, 1101, at fn. 2. If a bank accidentally honors two small checks after a garnishment notice, there is no intentional relinquishment of a known right. *Wenneker v. Physicians Multispecialty Group, Inc.* (Mo.1991), 814 S.W.2d 294, 297–298. Similarly, honoring checks after the depositor's debt to the bank became due, but before the garnishment order and before setoff was asserted, does not constitute waiver. *Killette v. Raemell's Sewing Apparel, Inc.* (1989), 93 N.C.App. 162, 377 S.E.2d 73.

■ In this case, Home Federal deliberately honored checks totalling $43,-951.10 after Home Federal asserted its right to setoff. Thus, the facts are distinguishable from *Wenneker* and *Killette*. Home Federal asserts it was entitled to honor checks against amounts deposited subsequent to the date the garnishment notice was served. The referee's opinion, citing *Wenneker, supra*, states that the garnishor only has the right to assets in the possession of the garnishee on the date of service of the garnishment notice. Therefore, the conduct of Home Federal subsequent to the date of service is only relevant if it manifests a clear intention to relinquish the right of setoff or establishes fraud by the garnishee. The referee misstated Ohio law.

■ The law in Ohio is that the garnishment order attaches to all property that comes into the hands of the garnishee from the date of service, up to the date the garnishee files its answer with the clerk of courts. *Diamond Savings Loan Co. v. Hoisington* (Sept. 12, 1989), Franklin App. No. 88AP–976, unreported, 1989 WL 104389; see, also, *Hoover v. Professional & Executive Mtg. Corp.* (1985), 21 Ohio App.3d 223, 21 OBR 239, 486 N.E.2d 1285; R.C. 2716.13(B); R.C. 2716.21(B) and (D). Home Federal's actions were relevant up until January 4, 1993, when it filed an answer with the clerk of courts. Home Federal's honoring Wyman's check was an admission that it was indebted to Wyman for money deposited up until January 4, 1993. Home Federal waived its right to setoff. See *First Bank of Whiting, supra.* (Service of garnishment notice created a sixty-day freeze on assets of debtor. Garnishee's honoring checks within the sixty-day time period amounted to waiver of setoff.)

Appellant's fourth, fifth, sixth, seventh and ninth assignments of error are sustained.

## III

Appellant's eighth assignment of error states:

"The trial court erred in dismissing the plaintiff-appellant's motion to show cause."

Based on our disposition of the above assignments of error, the trial court should not have dismissed appellant's motion to show cause.

Accordingly, this assignment of error is sustained.

The decision of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

PORTER, P.J., and DYKE, J., concur.