[Cite as *Jarvis v. Pompos*, 2024-Ohio-1102.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

KIMBERLY JARVIS ET AL.,

Plaintiffs-Appellees,

v.

CHRIS POMPOS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0084**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 1147

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Rebecca L. Skeeles* and *Atty. Thomas D. White*, Eques, Inc., for Plaintiffs-Appellees
and

*Atty. Matthew W. Onest* and *Atty. Kyle W. Rea*, Krugliak, Wilkins, Griffiths & Dougherty
Co., L.P.A., for Defendant-Appellant.

Dated:  March 22, 2024

**HANNI, J.**

**{¶1}** Defendant-Appellant, Chris Pompos, appeals from a Mahoning County Common Pleas Court judgment denying his motion for relief from judgment entered in favor of Plaintiffs-Appellees, Kimberly Jarvis and C. Jarvis Insurance Agency, Inc., on Appellees' claim for money due on a loan. Appellant claims the trial court lacked subject matter jurisdiction over this case and lacked personal jurisdiction over him and his businesses. Because the trial court had both subject matter jurisdiction and personal jurisdiction in this case, the court's judgment is affirmed.

**{¶2}** On July 1, 2022, Appellees filed a complaint for money due against Appellant. The complaint alleged that Kimberly Jarvis loaned Appellant $50,000 on March 15, 2021, to purchase a travel trailer. Appellees attached a copy of the check and the accompanying promissory note. The terms of the promissory note were that Appellant would pay the $50,000 back with interest at 10% annum no later than March 15, 2023. Appellant agreed to make 24 equal monthly payments, due by the 15th of each month and beginning April 15, 2021. The complaint stated that Appellant made the required monthly payments in April, May, June, July, September, and November 2021. It alleged Appellant failed to make any payments in August, October, and December 2021. It stated that Appellant then made payments of $2,020.36 on January 12, 2022 and again on January 14, 2022. The complaint alleged that Appellant had since failed to make any payments or to communicate with Kimberly regarding the outstanding balance on the loan. It stated that Appellant still owed $32,181.45. The promissory note contains an acceleration clause stating that upon non-payment, the entire balance shall be due. Appellant was served on August 1, 2022.

**{¶3}** On August 31, 2022, Appellees filed a motion for default judgment asserting Appellant had failed to answer or otherwise respond to the complaint. The trial court granted the motion and entered a default judgment against Appellant in the amount of $32,181.45, plus interest, that same day.

**{¶4}** On September 7, 2022, Appellees filed an Affidavit and Notice of Garnishment listing vehicles subject to garnishment including a Chevrolet Silverado and

a Cat Skidsteer. The trial court subsequently set the matter for a garnishment hearing. On October 5, 2022, a Court Order and Notice of Garnishment was sent by certified mail to Appellant's address. It appears to be signed for by Appellant on October 6, 2022. The court held the garnishment hearing on October 20, 2022. Appellees' counsel appeared but Appellant failed to appear. On October 21, 2022, Appellees filed a Praecipe for Writ of Execution ordering the sheriff to issue a writ of execution as to the listed vehicles, including the Chevrolet Silverado and the Cat Skidsteer. The writ of execution was issued on October 26, 2022.

{¶5} On November 25, 2022, Appellant's counsel filed a notice of appearance on Appellant's behalf and filed a motion for an emergency hearing in response to the Notice to Judgment Debtor served on him on November 22, 2022. Appellant alleged the vehicles removed by Appellees pursuant to the court order were actually owned by other entities and not by Appellant individually. Appellees filed a motion in opposition. The trial court set the matter for an emergency evidentiary hearing on the garnishment to be held January 3, 2023. But on December 29, 2022, Appellant withdrew his request for the hearing. Instead, the parties met by way of a telephone conference with the magistrate. Appellant challenged the garnishment based on factual statements set forth in his motion for emergency hearing. Since Appellant withdrew his request for an emergency hearing and because statements by counsel are not evidence, the magistrate found Appellant presented no basis to stop the garnishment proceedings.

{¶6} On January 19, 2023, the trial court entered a judgment adopting the magistrate's decision and finding that Appellant failed to present any evidence to challenge the garnishment. It found that the garnishment proceedings would continue.

{¶7} On January 24, 2023, the court issued a notice to the Ohio Bureau of Motor Vehicles (BMV) to transfer the title of the Chevrolet Silverado from CMP Agricultural to the Eques Law Group (Appellees' counsel) pursuant to the Court Order and Notice of Garnishment filed October 5, 2022. The notice stated that the Silverado was owned by Appellant through a sole proprietorship.

{¶8} On May 12, 2023, Appellant's new counsel entered an appearance and filed a motion for relief from judgment. Appellant sought to have the court vacate three judgment entries: (1) the August 31, 2022 judgment granting default judgment to

Appellees; (2) the January 24, 2023 judgment ordering the BMV to transfer title from CMP Agricultural to the Eques Law Group pursuant to a Court Order and Notice of Garnishment filed October 5, 2022; and (3) the writ of execution issued by the Mahoning County Clerk of Courts on October 26, 2022, to the sheriff for the Chevrolet Silverado and a Cat Skidsteer.

{¶9} Appellant asserted that the trial court's decision was based on the incorrect conclusion that CMP Agricultural, which later merged into CMP Equine, LLC (CMP) and Candywood Trace, LLC (Candywood), in whose names the title to the pickup truck and Cat Skidsteer were in, were sole proprietorships. He argued that the judgment against him individually did not give the court authority to seize the vehicles. He further asserted the court's decision was based on an incorrect conclusion of law. Appellant claimed that under R.C. 2333.01, which authorizes a judgment creditor to go after a judgment debtor's ownership interest in a separate entity in order to collect on a debt, certain steps are required that were not followed in this case.

{¶10} Appellant argued that he presented a viable claim for relief because Appellees misspelled his name in the complaint. He asserted his name is "Christ" Pompos but Appellees named him in the complaint as "Chris" Pompos. Therefore, Appellant contended the default judgment against him was void. He argued he presented another viable claim for relief because the vehicles were owned by CMP and Candywood and not by him personally. And although he is the sole member of both entities, Appellant argued the debt was in his name personally. He went on to argue that Appellees were required to but failed to follow the procedure under R.C. 2333.01 for a creditor's bill in order to secure the vehicles.

{¶11} Appellees filed a memorandum in opposition to Appellant's motion. They argued Appellant did not have a meritorious defense to assert. They also argued Appellant appeared in court, so the trial court has personal jurisdiction over him. Appellees next asserted that the proceedings in the trial court conformed with R.C. 2333.01's requirements. And Appellees claimed Appellant was not entitled to relief under any of the grounds in Civ.R. 60(B).

{¶12} The trial court entered judgment on June 28, 2023, overruling Appellant's motion for relief from judgment.

Case No. 23 MA 0084

**{¶13}** First, the court found no merit with Appellant's argument that because his name is actually "Christ" Pompos, and not "Chris" Pompos as stated on the complaint, the trial court did not have personal jurisdiction over him. The court found that the parties had no reason to know that Appellant's name was misspelled. It pointed out that the promissory note is in the name of "Chris" Pompos and the signature line also bears that name. Additionally, the actual signature appears to be "Chris" Pompos. The check was made out to "Chris" Pompos. And there is nothing in the record to suggest that Appellant made any effort to notify Appellees that they were not using his correct name. Moreover, the court found that on August 1, 2022, "Chris" Pompos was personally served with the summons and complaint at Appellant's address as set forth in the complaint.

**{¶14}** Next, the court went on to discuss the history of this case, pointing out numerous opportunities for Appellant to appear and challenge the judgment and the garnishment of his vehicles and noting that Appellant failed to do so.

**{¶15}** Finally, the court found that Appellant did not offer any suggestion that he has a meritorious defense to present.

**{¶16}** In addition to overruling Appellant's motion for relief from judgment, the trial court also granted Appellees' request for leave to amend the complaint to change "Chris" to "Christ."

**{¶17}** Appellant filed a timely notice of appeal on July 27, 2023. He now raises two assignments of error for our review.

**{¶18}** Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE JUDGMENT ALLOWING APPELLEES' SEIZURE OF ASSETS BELONGING TO CMP AGRICULTURAL, LLC, CMP EQUINE, LLC, AND CANDYWOOD TRACE, LLC BECAUSE IT LACKED BOTH SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION OVER ALL THREE ENTITIES.

**{¶19}** Appellant argues here that the judgment against him did not give the trial court authority to order the seizure of the vehicles owned by his businesses absent a separately filed creditor's bill action. Because Appellees never filed a separate creditor's

bill action under R.C. 2333.01, Appellant claims the trial court lacked both personal and subject matter jurisdiction over his businesses and the judgment ordering and upholding the seizure of the vehicles was void.

**{¶20}** Appellant first asserts that because the judgment was void for lack of subject matter or personal jurisdiction, he was not required to meet the elements for relief from judgment under Civ.R. 60(B) and set out in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

**{¶21}** Appellant goes on to argue that the vehicles belonged to his businesses, not to him personally. He notes that there is no dispute that the businesses were the listed title owners of the vehicles. Thus, at the time of the writ, the Cat Skidsteer was the property of Candywood and the Silverado was the property of CMP. Because he did not personally own the vehicles, Appellant argues the judgment against him cannot reach his businesses absent a separate creditor's bill case filed pursuant to R.C. 2333.01. He argues that a creditor cannot obtain a lien on assets under R.C. 2333.01 until it files and serves a complaint alleging a right to the lien. It follows then, Appellant claims, that the trial court does not acquire subject matter jurisdiction to order the seizure of a third-party's assets using an equitable lien until a creditor's bill complaint is filed and served. Because Appellees never named CMP and Candywood as defendants and served them with a creditor's bill, a lien could not attach against their property (the vehicles) and the trial court never acquired subject matter jurisdiction. Therefore, Appellant argues the trial court erred in upholding the seizure of the vehicles and we should order the return of the vehicles to the businesses.

**{¶22}** Appellant also argues the trial court did not have personal jurisdiction over the businesses because the businesses were never named or served in this matter.

**{¶23}** The Ohio Supreme Court set out the controlling test for Civ.R 60(B) motions in *GTE*, 47 Ohio St.2d at paragraph two of the syllabus:

> "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or

(3), not more than one year after the judgment, order or proceeding was entered or taken."

**{¶24}** The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 9.

**{¶25}** But in this assignment of error, Appellant first alleges the trial court lacked subject matter jurisdiction. An appellate court reviews the determination of subject-matter jurisdiction de novo. *Burns v. Daily*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (1996).

**{¶26}** A judgment is only void when the trial court lacks subject matter jurisdiction; lack of jurisdiction over the specific case merely makes the judgment voidable. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. A void judgment is a nullity and open to collateral attack at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46.

**{¶27}** Subject matter jurisdiction of a court connotes the power and authority to hear and decide particular types of cases upon their merits. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). It relates to the proper forum for an entire class of cases, not the particular facts of an individual case. *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537, 934 N.E.2d 366, ¶ 15 (7th Dist.), citing *In re Ohio Bur. of Support*, 7th Dist. No. 00AP0742.

**{¶28}** Pursuant to the Ohio Supreme Court, "[w]hen a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 36, citing *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14. The Court recognizes that "there is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts*, 2004-Ohio-1980, at ¶ 10. "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19, citing *Pratts*, at ¶ 12.

**{¶29}** The Ohio Supreme Court has explained:

Ohio's common pleas courts are endowed with "original jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B), Ohio Constitution. Jurisdiction has been "provided by law" in R.C. 2305.01, which states that courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." This court has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it." *Saxton v. Seiberling*, 48 Ohio St. 554, 558–559, 29 N.E. 179 (1891).

*Kuchta*, at ¶ 20.

**{¶30}** A common pleas court has subject matter jurisdiction over a claim for money owed and over a creditor's bill action. *Saadi v. Am. Family Ins. Co.*, 7th Dist. Mahoning No. 20 MA 0083, 2021-Ohio-2360, ¶ 31, 35. Therefore, the trial court had subject matter jurisdiction over this case. Thus, its judgment was not void as Appellant alleges.

**{¶31}** As to personal jurisdiction, we review a trial court's decision to exercise personal jurisdiction under a de novo standard. *State ex rel. Cordray v. Makedonija Tabak 2000*, 189 Ohio App.3d 73, 2010-Ohio-2903, 937 N.E.2d 595, ¶ 18 (10th Dist.).

**{¶32}** Appellant claims the trial court lacked personal jurisdiction over CMP and Candywood because Appellees never filed for a creditor's bill.

**{¶33}** As explained by the Eleventh District, a creditor's bill and a garnishment action are two separate things:

A creditor's bill action allows a judgment creditor to secure a lien on an equitable interest of the judgment debtor that cannot be reached by regular execution of the judgment. *Am. Transfer Corp.*, *supra*, at ¶ 8, citing *Union Properties, Inc. v. Patterson*, 143 Ohio St. 192, 54 N.E.2d 668 (1944). An action in the nature of a creditor's suit under R.C. 2333.01 is wholly equitable in nature and, as such, permits the judgment creditor to reach equitable assets which, by reason of uncertainties respecting title or valuation, cannot be effectively subjected under the ordinary legal process

of execution by way of judgment liens, attachment, or garnishment. *Am. Transfer Corp.*, *supra*, *Hoover v. Professional & Executive Mtge. Corp.*, 21 Ohio App.3d 223, 225, 486 N.E.2d 1285 (9th Dist.1985). *See also Berg v. Sigcom Group, Inc.*, 8th Dist. Cuyahoga No. 86180, 2005-Ohio-6495, 2005 WL 3320873, ¶ 13.

> In contrast, a garnishment is an action at law. *Lakeshore Motor Freight Co. v. Glenway Industries, Inc.*, 2 Ohio App.3d 8, 440 N.E.2d 567 (1st Dist.1981), paragraph one of the syllabus. In a garnishment, the judgment creditor seeks satisfaction of his debt out of an obligation presently owed to the judgment debtor by a third party. *Id.*

*Great Lakes Crushing, Ltd. v. DeMarco*, 2014-Ohio-4316, 20 N.E.3d 430, ¶ 17-18 (11th Dist.).

{¶34} This Court has explained a garnishment action in detail:

> Garnishment is a procedure whereby a creditor can obtain property of its debtor which is in the possession of a third party. R.C. 2716.11 authorizes the commencement of garnishment by a judgment creditor when supported by an affidavit stating:

> (A) The name of the judgment debtor whose property the judgment creditor seeks to garnish;

> (B) A description of the property;

> (C) The name and address of the garnishee who may have in the garnishee's hands or control money, property, or credits, other than personal earnings, of the judgment debtor.

> It has been held that:

> Property held by a third party is subject to garnishment to satisfy the debts of a judgment debtor when, at the time of the service of the garnishment order, the judgment debtor has a right or title to the property. *

* * On the other hand, where the judgment debtor himself has no present right to obtain the money or property from the garnishee, then the judgment creditor likewise has no right to the property. *Id. Toledo Trust Co. v. Niedzwiecki*, 89 Ohio App.3d 754, 757, 627 N.E.2d 616 (6th Dist.1993).

The garnishor has the initial burden to prove that the property being garnished is the property of the judgment debtor. *Davis v. Sean M. Holley Agency, Inc.*, 2d Dist. No. 23891, 2010-Ohio-5278, 2010 WL 4311683, ¶ 11.

The judgment debtor may attempt to defeat the garnishment order by establishing an exemption or other defense to garnishment. "The burden of proof on the existence or applicability of an exemption or defense *rests with the judgment debtor.*" (Emphasis sic.) *Ashtabula Cty. Med. Ctr.*, *supra*, at *2, citing *Hoffman v. Weiland*, 64 Ohio App. 467, 29 N.E.2d 33 (1st Dist.1940). The judgment debtor may object to the attachment of the property and request a hearing. R.C. 2716.13(B). "The hearing is limited to the consideration of the amount of property of the judgment-debtor in the hands of the garnishee that can be used to satisfy all or part of the debt owed by the judgment-debtor to the judgment-creditor." *Marinik v. The Cascade Group*, 103 Ohio Misc.2d 18, 22, 724 N.E.2d 877 (M.C.1999).

*E. Liverpool v. Buckeye Water Dist.*, 2012-Ohio-2821, 972 N.E.2d 1090, ¶ 36-39 (7th Dist.).

{¶35} This case proceeded as a garnishment. Importantly, Appellant has had many opportunities to raise this issue in the trial court and has failed to do so. On September 7, 2022, Appellees filed an Affidavit, Order and Notice of Garnishment of Property Other than Personal Earnings and Answer of Garnishee. This filing listed the Silverado and Cat Skidsteer. The trial court then issued a Notice of Garnishment on October 5, 2022, and set the matter for a hearing to take place October 20, 2022. This notice instructed Appellant that he had a right to a hearing on the garnishment where he could dispute the creditor's right to garnish the property. Appellant received this notice by certified mail and signed for it. Yet Appellant did not respond. He did not appear at

the hearing. And he did not object to the garnishment. Over a month later, on November 25, 2022, counsel filed a notice of appearance for Appellant and an Emergency Request for Hearing in response to the Notice to Judgment Debtor that Appellant had received. He asserted the vehicles seized belonged to his businesses and not to him personally.

**{¶36}** The magistrate granted Appellant's request and set the matter for an emergency evidentiary hearing to be held January 3, 2023. But on December 29, 2022, Appellant withdrew his request for the hearing. Consequently, the magistrate put on an order finding that the garnishment proceedings were procedurally proper and that Appellant had failed to provide any evidence whatsoever in support of his allegations. Appellant did not object to this magistrate's decision. Consequently, on January 19, 2023, the trial court entered a judgment adopting the magistrate's decision. Appellant did not appeal from this decision. Appellant then waited four months before filing a Motion for Relief from Judgment.

**{¶37}** Based on the numerous opportunities Appellant had to raise his objections to the garnishment, and his failure to avail himself of any of these opportunities, he has waived the issue on appeal.

**{¶38}** In addition to the above, Appellant cannot meet the *GTE* elements required for relief from judgment. Appellant does not now, nor has he ever asserted a meritorious defense or claim to present if relief is granted as is required by the first *GTE* element. Appellant has never alleged that he does not owe Appellees for the debt on the promissory note, that he paid the note in full, or that that he somehow otherwise satisfied his obligation. Because Appellant cannot satisfy even the first element of the *GTE* test, the trial court acted within its discretion in denying Appellant's motion for relief from judgment.

**{¶39}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶40}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO
VACATE JUDGMENT FOR APPELLEES' DEFAULT JUDGMENT
AGAINST POMPOS BECAUSE IT LACKED PERSONAL JURISDICTION
OVER POMPOS.

Case No. 23 MA 0084

**{¶41}** Appellant contends here the trial court did not have personal jurisdiction over him because Appellees misspelled his name in the complaint. He asserts his name is "Christ" Pompos but Appellees named "Chris" Pompos as the defendant in this case.

**{¶42}** Appellant alleges Appellees never amended the complaint to correct the spelling of his name. But in its June 28, 2023 judgment entry, the trial court granted Appellees' request to amend Appellant's name on the complaint to "Christ" Pompos.

**{¶43}** Moreover, Appellant invited any error involving the spelling of his first name and the court exercising personal jurisdiction over "Chris" Pompos. As one court explained:

"The doctrine of invited error is a corollary of the principle of equitable estoppel. Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself; for errors that the appellant induced the court to commit; or for errors into which the appellant either intentionally or unintentionally misled the court, and for which the appellant is actively responsible. Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request."

*Daimler/Chrysler Truck Financial v. Kimball*, 2d Dist. Champaign No. 2007-CA-07, 2007-Ohio-6678, ¶ 40, quoting 5 Ohio Jurisprudence 3d (1999, Supp.2007) 170-71, Appellate Review, Section 448, (internal citations omitted).

**{¶44}** The doctrine of invited error can be applied to an alleged error concerning the exercise of personal jurisdiction over a party. *See State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 32.

**{¶45}** Throughout these proceedings, Appellant has led Appellees and the trial court to believe that his name is "Chris" and not "Christ." The check for the loan that started this dispute was made out to "Chris" Pompos. Appellant cashed that check. The accompanying promissory note was in the name of "Chris" Pompos. Appellant signed the promissory note as "Chris" Pompos above the signature line that stated "Chris" Pompos. (Complaint Exs. A, B). Appellant's former counsel referred to him as "Chris" Pompos in all court filings. (Notice of Appearance and Request for Emergency Hearing

filed November 25, 2022; Notice of Withdrawal of Hearing Request filed December 29, 2022).  And a Court Order and Notice of Garnishment was sent by certified mail to "Chris" Pompos and was signed for by "Chris" Pompos on October 6, 2022.

**{¶46}**  Based on the above, Appellant cannot now claim that the trial court lacked personal jurisdiction over him due to the alleged misspelling of his first name on the complaint.

**{¶47}**  Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶48}**  For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Klatt, J., concurs.

[Cite as *Jarvis v. Pompos*, 2024-Ohio-1102.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**